### JOSIAH S. KNOWLES vs. JOHN S. HULL.

A lease of a store by a religious society was " to hold for the term of three years " " with the privilege of two years in addition unless the society shall sell said store, in which case the privilege of two years in addition shall be null and void." *Held*, that the privilege was to be void in case of a sale of the store by the society either before the beginning or during the running of the two years.

ACTION under Gen. Sts. *c.* 137, for possession of a tenement in the basement of a meeting-house in Westfield.

In the superior court, the facts were agreed and judgment was entered thereon for the defendant, and the plaintiff appealed to this court.

The facts, as agreed, were substantially as follows : The building was owned by the Central Baptist Society in Westfield, and the defendant took possession of the demanded premises April 1, 1863, under a lease " to hold for the term of three years from the first day of April 1863, with the privilege of two years in addition, unless the society shall sell said store, in which case the privilege of two years in addition shall be null and void." This lease ran as from the Central Baptist Society to the defendant, and was signed by " J. S. Knowles, Jas. Ray Gladwin, L. B. Blood, Prudential Committee Cen. Bap. Society, lessors," and was sealed with their individual seals. J. S. Knowles, who so signed and sealed it, was the plaintiff in this action. The defendant remained in occupation and paid rent for the first three years to the treasurer of the society, and tendered rent to him after that time and since the beginning of this action. On April 2, 1866, the society at a legal meeting voted " to sell said church property to Deacon J. S. Knowles," and " to authorize L. B Blood to give a deed of the old church for the society to J. S. Knowles." The next day Blood, for the society, conveyed to the plaintiff by deed of warranty the meeting-house and land, including the demanded premises. Due notice to quit was thereupon given by the plaintiff to the defendant, and this action was brought.

*M. B. Whitney & N. T. Leonard,* for the plaintiff. The " pru-

dential " or " standing " committee of religious societies are annual officers, and have not authority to make a lease for a term of years. Gen. Sts. *c.* 30, §§ 9, 11. *Smith* v. *Cheshire*, 13 Gray, 319. *Goff* v. *Rehoboth*, 12 Met. 26. *School District in Natick* v. *Morse.* 8 Cush. 191. The lease is not properly executed as the lease of the society. *Combes's case*, 9 Co. 76, b. *Fowler* v. *Shearer*, 7 Mass. 14. *Elwell* v. *Shaw*, 16 Mass. 42. *Brinley* v. *Mann*, 2 Cush. 337. *Mussey* v. *Scott*, 7 Cush. 215. *Wood* v. *Goodridge*, 6 Cush. 117. *Abbey* v. *Chase*, 6 Cush. 56. The society could not by implication adopt the lease. *Fullam* v. *West Brookfield*, 9 Allen, 1. *Wells* v. *Evans*, 20 Wend. 251. Receipt of rent by the treasurer cannot be held a ratification. *Hayden* v. *Middlesex Turnpike Co.* 10 Mass. 397. The plaintiff is not estopped by the terms of the lease. *Abbey* v. *Chase, ubi supra.* *Jefts* v. *York*, 4 Cush. 371 ; 10 Cush. 392. *Catlin* v. *Ware*, 9 Mass. 218. The lease, if valid, is determinable on a sale of the premises by the society at any time prior to the end of the additional two years. 2 Bl. Com. 155. 4 Kent Com. (6th ed.) 128. *Munigle* v. *Boston*, 3 Allen, 230.

*E. B. Gillett*, for the defendant. This is a lease of the society ; if not, it is of the plaintiff, and he cannot defeat it by a subsequently acquired title. *Somes* v. *Skinner*, 3 Pick. 51. *Comstock* v. *Smith*, 13 Pick. 116. *Jackson* v. *Murray*, 12 Johns. 201. The construction most favorable to the lessee should be adopted. *Dann* v. *Spurrier*, 3 Bos. & Pul. 399. *Barney* v. *Newcomb*, 9 Cush. 46. Effect can be given to the whole language of the lease only by the construction that, to make the privilege of two years in addition null and void, the sale must be made within the first three years, since otherwise it would be a portion only of the two years in addition which would be null and void.

CHAPMAN, J. The defendant's lease was " to hold for the term f three years from the first day of April 1863, with the privilege of two years in addition, unless the society shall sell said store, in which case the privilege of two years in addition shall be null and void." The court are of opinion that by the fair construction of this language, the privilege of the two years was to be void in case of a sale of the store at any time, either before the

two years should commence, or while they were running. There is no limitation of the time within which the sale spoken of shall take place in order to terminate the privilege.

This construction of the lease supersedes all the questions that have been presented respecting its validity.

*Judgment for the plaintiff.*