### JOSIAH S. KNOWLES *vs.* MARIA L. HULL.
### LEMUEL B. BLOOD & another *vs.* SAME.

A husband, having taken a lease of a shop from the owners with an understanding that he should underlet it to his wife for her separate business, admitted her to the occupation of it and took rent from her as his tenant; and she continued such occupation for her separate business after the determination of his lease by a sale of the premises. *Held,* that he, and not she, was liable to the grantee of his lessors, under the Gen. Sts. *c.* 90, § 25, for such continued use and occupation as a tenant at sufferance.

Two ACTIONS, commenced October 2, 1867, under the Gen. Sts. *c.* 90, § 25, (by which tenants at sufferance are made liable to pay rent during the time of their occupation,) for the use and occupation of a shop in Westfield; the first, from April 3, 1866, to January 1, 1867; the second, from January 8, 1867, to October 1, 1867; tried together in the superior court, before *Lord,* J., without a jury, and reported by him, for the determination of this court, in substance as follows:

On April 1, 1863, the Central Baptist Society in Westfield leased to John S. Hull, the defendant's husband, the basement of their meeting-house in that town, consisting of a large store room divided into two shops, " to hold for the term of three years " from that date, " with the privilege of two years in addition unless the society shall sell said store, in which case the

privilege of two years in addition shall be null and void," and with a limitation of the privilege of underletting to the north shop only; and it was then "understood" between the lessee and prudential committee, by whom the lease was executed in behalf of the society, "that the privilege of underletting the north shop would be used by said lessee in underletting the same to the defendant, to carry on the millinery business therein on her sole and separate account."

"About August 1, 1863, the defendant, by virtue of an oral agreement with her said husband, went into occupation of said north shop, and continued to occupy said shop and carry on business therein, on her sole and separate account, apart from her said husband, paying him rent therefor, until the commencement of these actions. During all this time said John S. Hull and said defendant were living together as husband and wife, making one household." On January 16, 1865, the defendant filed in the office of the town clerk of Westfield a certificate under the St. of 1862, c. 198, concerning her separate business.

On April 2, 1866, the society conveyed their meeting-house and land, including the leased premises, to Josiah S. Knowles, the plaintiff in the first of these two actions; who on April 13 gave the defendant written notice of his deed and to quit, and served a like notice on John S. Hull, and on April 24 began against him the action on the Gen. Sts. c. 137, reported 97 Mass. 206, (the record and all the proceedings in which were made a part of this case,) wherein at September term 1867 of this court it was decided that "the privilege of two years in addition," contained in his lease, was made void by the sale and conveyance to Knowles, for whom judgment was ordered in said action.

On January 8, 1867, Knowles conveyed the whole premises to Lemuel B. Blood and Asa B. Whitman, partners under the firm of Blood & Whitman, the plaintiffs in the second action, "and delivered to them possession of said property, and they received rents for the use of the other shop in said basement from that time." "After the execution of the deed of Knowles to said Blood & Whitman said Blood had several interviews

with the defendant, extending over the time from Knowles's deed to the time of the decision of the former suit at September term 1867, in which interviews said Blood informed the defendant that he had a deed of said premises from said Knowles, and that, if she remained in occupation, he should expect from her rent; but the defendant refused to pay them rent, and claimed a right to remain in possession under her agreement with her said husband, and refused to acknowledge any title in Blood to the shop occupied by her. At different times subsequently, during her occupation and before the commencement of these actions, she and said Blood & Whitman had negotiations with each other respecting the settlement of the claim of said Blood & Whitman for the rent of said shop occupied by the defendant, and mutual offers were made by each to the other respecting the terms upon which said Blood & Whitman would fit up both shops and lease the same to her for a term of years; but no arrangement was made by the parties until October 1, 1867, immediately after the decision in the action of Knowles against the defendant's husband," when Blood & Whitman made a written lease to the defendant for five months of the shop of which she so continued in occupation; and "at no time was any notice to quit given to the defendant by said Blood & Whitman."

" Neither said John S. Hull nor the defendant ever paid any rent for the use and occupation of said demised premises, to either of the plaintiffs, since April 1, 1866.

" The court upon the foregoing facts found for the defendant, and ruled that the defendant did not sustain the relation of tenant to any one; that by her agreement with her husband she took no estate in the building, and the tenancy of her husband still continued, though she was in occupation; and that he, and not she, was liable for the rent, or for use and occupation."

*E. B. Gillett,* (*H. B. Stevens* with him,) for the defendant.

*M. B. Whitney,* for the plaintiffs.

HOAR, J. The defendant, being a married woman, could make no contract for the use and occupation of real estate, unless as her sole and separate property, or under her statute power to carry on business on her own separate account. She could

derive no title to it by a contract with her husband. She made no contract with the plaintiffs, but occupied, and always claimed to occupy, under her husband, denying the plaintiffs' title.

These considerations are decisive of the case. The plaintiffs seek to charge her for rent as a tenant at sufferance, under the Gen. Sts. *c.* 90, § 25. But she was never their tenant in any form. An "understanding" between her husband and the Baptist Society, that she would occupy for her separate business a part of the premises which the society leased to him, could not make her a tenant, or give to her husband's attempt to underlet to her any validity which the law would not otherwise allow. Her possession, derived wholly from him, was his possession, notwithstanding the formality of paying him rent. He could not give her any title or estate by any grant or form of conveyance or contract, because the law does not empower her to contract with her husband, and as to him she was not in this respect empowered to act as a *feme sole.* Her possession being always that of her husband, when his tenancy was terminated her continued occupation under him made him the tenant at sufferance and liable for rent. On the recovery by the plaintiff Knowles in the suit of *Knowles* v. *Hull,* reported 97 Mass. 206, the present defendant might have been removed from the shop by the process which issued under that judgment. *Lord* v. *Parker,* 3 Allen, 127. *Edwards* v. *Stevens,* Ib. 315. *Ingham* v. *White,* 4 Allen, 412. *Gay* v. *Kingsley,* 11 Allen, 345. *Baxter* v. *Knowles,* 12 Allen, 114. Gen. Sts. *c.* 108, §§ 5, 10. 1 Washb. Real Prop. 392.

An action in the nature of assumpsit for use and occupation depends upon a contract, express or implied. *Cobb* v. *Arnold,* 8 Met. 398. The defendant made none with either of the plaintiffs ; never held as their tenant ; denied their title ; and occupied only in right of her husband. *Judgment for the defendant*