HENRY N. MERRILL, administrator, vs. JESSE BULLOCK.
SAME vs. SAME.

The submission of an action upon a case stated by the parties, without limiting the plaintiff's right to recover to the particular form in which the action is brought, authorizes the writ to be amended in the court where it is brought, into another form of which that court has original jurisdiction, although it has no jurisdiction of the action in its present form.

A landlord and tenant process brought in the superior court by the owner of an estate for years, and submitted upon a case stated without limiting the right to recover to that form, may be amended to an action of ejectment, and judgment rendered for the plaintiff, if the facts agreed will support such an action.

A conveyance of land to a married woman "in her own right" is not a sufficient conveyance of it "to her sole and separate use, free from the interference or control of her husband," within the St. of 1845, c. 208, § 3.

Under the provision of the Gen. Sts. c. 90, §§ 25, 26, that "tenants at sufferance in possession of lands or tenements shall be liable to pay rent therefor for such time as they may occupy or detain the same," and that "such rent may be recovered in an action of contract," no action can be maintained by the owner of an estate in lands against one who never occupied under agreement, permission, or assent, express or implied, of the plaintiff or any one in privity with him. CHAPMAN, C. J., dissenting.

One to whom the rents and profits of a tenement belonging to a wife, and occupied by her and her husband, have been set off for a term of years in the levy of an execution thereon against the husband, cannot maintain an action against him, as a tenant at sufferance, under the Gen. Sts. c. 90, §§ 25, 26, for his subsequent use and occupation of the premises, if he continues to hold them claiming under his wife's right and denying the plaintiff's title. CHAPMAN, C. J., dissenting.

THE FIRST CASE was an action brought in the superior court by writ dated November 19, 1869, and entitled "the complaint of Henry N. Merrill, as administrator of the estate of Benjamin Dow," for that the defendant on the date of the writ was in possession of land with a dwelling-house thereon, in Haverhill, "which he holds unlawfully and against the right of the said plaintiff, to the damage of the said plaintiff, as he says, the sum of five hundred dollars." The case was stated by the parties as follows for the judgment of the superior court:

"The pleadings may be referred to, but all questions as to their sufficiency and accuracy are waived. The premises, for the possession of which this action is brought, were conveyed to Cynthia Bullock (then and still the wife of the defendant) by the deed of George W. Kelly and others, dated October 19, 1854, and duly recorded the 6th of November following; and by this title

alone she has since held, and still holds, said land.   Some time in the year 1856, the defendant became indebted to the plaintiff's intestate, Benjamin Dow, and an action was commenced to recover the debt.   At March term 1863 of the superior court, the plaintiff, as administrator of Dow's estate, recovered judgment in the action, for $175.53 damages, and $182.36 costs of suit ; upon which judgment several executions were issued, the last bearing date of May 4, 1869.   This last execution the plaintiff caused to be levied upon the rents and profits of said premises of Cynthia Bullock, as the property of her husband, the defendant, and the said rents and profits were duly appraised and set off to the plaintiff for the term of one year and four months.   At the time of the levy, to wit, May 31, 1869, the defendant was, and still is, in the occupancy and possession of the premises, which possession the plaintiff claims by virtue of the levy and set-off under the same.   And it is hereby agreed 'that if, at the time of the levy, the defendant had any attachable interest in said estate, or was entitled to the profits and rents thereof as the husband of Cynthia Bullock, judgment is to be rendered for the plaintiff for possession, but otherwise for the defendant."

Copies of the deed of Kelly and others to Cynthia Bullock, and of the execution and return of the levy against Jesse Bullock, were made part of the statement of facts ; and by the deed it appeared that the grantors conveyed the premises to Cynthia Bullock " in her own right," for a consideration paid by and acknowledged to have been received from her, but her husband was not named in the deed, nor was she described therein as a married woman.   The *habendum* was " to the said Cynthia Bullock, her heirs and assigns, to her and their use and behoof forever."

On this statement *Pitman,* J., ordered that the action be dismissed for want of jurisdiction in the superior court; and the plaintiff appealed.

*H. N. Merrill, pro se.*   1. The action, though following the form of a complaint under the statute of forcible entry and detainer, Gen. Sts. *c.* 137, yet is in substance an action of ejectment ; and the facts and not the form control the jurisdiction.

Shaw, C. J., in *Ferrin v. Kenney,* 10 Met. 294, and *Saunders* **v.** *Robinson,* 5 Met. 343. This court has taken original jurisdiction of an action in this form. See *Fay* v. *Taft,* 12 Cush. 448.

2. The plaintiff is entitled to judgment on the facts agreed ; for by the conveyance of the premises to Cynthia Bullock her husband took a right to the rents and profits, except so far as the common law was controlled by the St. of 1845, *c.* 208, § 3, respecting conveyances to a married woman, " to her sole and separate use, free from the interference or control of her husband ; " and there were no terms of exclusion of his right, in the deed, to satisfy that statute. *Whitten* v. *Whitten,* 3 Cush. 191. *Gerrish* **v.** *Mason,* 4 Gray, 432. *Jewett* v. *Davis,* 10 Allen, 68.

*C. J. Noyes,* for the defendant. This is a complaint on the Gen. Sts., *c.* 137, and should have been brought originally in the police court of Haverhill. See § 5. The superior court has only appellate jurisdiction in such an action, and therefore rightfully dismissed it. *Mountfort* v. *Hall,* 1 Mass. 443. *Commonwealth* v. *Johnson,* 8 Mass. 87. No act of the parties could give a jurisdiction not conferred by the statute.

CHAPMAN, C. J. This action has been dismissed by the superior court for want of jurisdiction. As a complaint under the Gen. Sts. *c.* 137, that court would not have jurisdiction of the proceeding ; but it was submitted upon an agreed statement of facts, and all questions as to the sufficiency and accuracy of the pleadings are expressly waived by the parties. The question is thus presented whether the action could be maintained under any form of pleading. *Esty* v. *Currier,* 98 Mass. 500. *Folger* v. *Columbian Insurance Co.* 99 Mass. 267.

In *Fay* v. *Taft,* 12 Cush. 448, which was a writ of entry, it appeared that the demandant was entitled to a legal estate in the premises, but it was only a term of years. As it was less than a freehold, the writ of entry would not lie. It is stated in the first edition of that volume of the reports, that the demandant had leave to amend so as to convert the case into an action of forcible entry and detainer. But this is an error, and is corrected in the later editions. An examination of the record shows that leave was granted to amend the writ by changing the same into an

action of ejectment of a term. Upon filing the amendment, judgment was rendered for the demandant.

Upon the authority of this decision, the plaintiff may amend his writ accordingly, and recover the term of years to which by the statement of facts he is entitled. For although the land was conveyed to Cynthia Bullock " in her own right," yet as the conveyance was made October 19, 1854, her husband took a life estate in it; and the plaintiff had a right to seize the estate on execution and set off a term of years, as he has done.

*Judgment for the plaintiff.*

THE SECOND CASE was an action of contract, brought in the police court of Haverhill, September 3, 1869, by the same plaintiff against the same defendant, for the use and occupation of the same premises by the defendant after the levy of the plaintiff's execution thereon in the action for the debt due to the plaintiff's intestate.

In the superior court, on appeal, the case was stated by the parties, referring to the pleadings, but " waiving all questions as to their accuracy and sufficiency ; " the facts as to the conveyance of the premises by Kelly and others to Cynthia Bullock, and the recovery of judgment and levy of execution thereon against the defendant were recited substantially as in the first case ; it was set forth that the premises had been occupied by the defendant and his wife Cynthia ever since the conveyance of them to her ; and the statement concluded thus : " Said levy was made May 31, 1869, and the rents and profits of the premises were thereupon appraised and set off to the plaintiff for the term of sixteen months therefrom, and the plaintiff thereupon notified the defendant that he should claim rent therefor, but the defendant denied that he would pay it. The defendant was never the tenant of the plaintiff, unless made so by reason of said levy. The defendant has never promised to become the tenant of the plaintiff, nor to pay him for the use and occupation of the premises, but has claimed to occupy them under the title of his wife. If upon these facts the plaintiff can recover in this action for use and occupation, or rents, it is agreed that judgment may be en-

tered for the amount claimed; if otherwise, then judgment is to be entered for the defendant." The superior court gave judgment for the defendant, and the plaintiff appealed.

*Merrill, pro se.*

*Noyes,* for the defendant.

GRAY, J. At common law, tenants at sufferance were not liable to pay rent, strictly so called, "because it was the folly of the owners to suffer them to continue in possession after the determination of the preceding estate." 1 Cruise Dig. tit. 9. *c.* 2, § 6. 4 Kent Com. (6th ed.) 116. But a tenant at sufferance, occupying by permission of the landlord, was liable, upon an implied contract, in assumpsit for use and occupation of the premises. *Ibbs* v. *Richardson,* 9 Ad. & El. 849, and 1 Per. & Dav. 618. *Christy* v. *Tancred,* 7 M. & W. 127. *Same* v. *Same,* 9 M. & W. 438, and 12 M. & W. 316. If however the facts would not warrant the inference that he ever occupied the premises by contract, express or implied, with the owner, but showed that he asserted an adverse title, he was not liable to such an action. *Cripps* v. *Blank,* 9 D. & R. 480. *Tew* v. *Jones,* 13 M. & W. 12. *Churchward* v. *Ford,* 2 H. & N. 446. *Smith* v. *Stewart,* 6 Johns. 46.

In this Commonwealth, it was always held that where the tenant at sufferance had never occupied under the plaintiff or under any party in privity with him, but claimed to hold under an adverse title, the action for use and occupation could not be maintained; because, to support such an action, there must be evidence of a contract or undertaking by the defendant, express or implied; and because, where the defendant had never admitted himself to be a tenant and so estopped himself to deny his landlord's title, conflicting titles to real estate could not be tried in an action of assumpsit. *Allen* v. *Thayer,* 17 Mass. 299. *Boston* v. *Binney,* 11 Pick. 1. *Mayo* v. *Fletcher,* 14 Pick. 525. *Cobb* v. *Arnold,* 8 Met. 398. But it was assumed by Mr. Justice Wilde in *Keay* v. *Goodwin,* 16 Mass. 1, 4, and by Chief Justice Shaw in *Gould* v. *Thompson,* 4 Met. 224, 228, that either a tenant at will or a tenant at sufferance, occupying by permission of the landlord, was liable to him in an action of assumpsit for use and occupation.

In *Delano* v. *Montague*, 4 Cush. 42, it was decided, upon excep-tions taken by the plaintiff to the ruling of the court below, that a tenant who, during a lease for a year, made an oral agreement with his landlord for another year's lease at the same rent, but, before the expiration of the written lease, notified the landlord that he would not carry the oral agreement into effect, and, after the expiration of the written lease, occupied the premises for a few weeks, but did not occupy them intending to occupy under the oral agreement or any agreement with the landlord, was not liable to him for the use and occupation of the premises beyond the time of his actual occupation. At the argument of that case, the defendant contended that upon the facts proved he was not liable in assumpsit for use and occupation for any rent whatever. Upon which Mr. Justice Wilde, in delivering the opinion of the court, after remarking that " by the common law of England a tenant at sufferance is not liable to pay rent," and citing Cruise and Kent, *ubi supra*, simply said : " But as the defendant did not except to the instructions of the court on this point, the question is not raised, and has not been considered."

In this state of the law, the legislature inserted in the General Statutes a section providing that " tenants at sufferance in pos-session of lands or tenements shall be liable to pay rent therefor for such time as they may occupy or detain the same ; " and ex-tended to such cases the provision previously applied, by the Rev. Sts. c. 60, § 23, to tenants of part of land demised, namely, that " such rent may be recovered in an action of contract ; and the deed of demise or other instrument in writing, if there is any, showing the provisions of the lease, may be used in evidence by either party to prove the amount of rent due from the defend-ant." Gen. Sts. c. 90, §§ 25, 26.

These statutes do not define to whom a tenant at sufferance shall be liable to pay rent, or by whom he may be sued. In the opinion of the majority of the court, the intention of the legisla-ture was to remove the doubts which had arisen from the opinion in *Delano* v. *Montague*, above cited ; to prevent any tenant from occupying premises without making compensation to his land-lord ; and to declare that an action of contract for use and occu-

pation might be maintained wherever the relation of tenant and landlord, either by lease for years or at will, or permission and assent, express or implied, had existed between the defendant and the plaintiff, or between the defendant and any person with whom the plaintiff was in privity of estate, even if he might not, but for the statute, have been in sufficient privity with the defendant to maintain the action; but not to make the occupant of land liable to an action of contract by a person whose title he had never admitted, expressly or by implication, but had always denied, and whose tenant he had never in any sense been; and that this construction is already established by the cases adjudged since the statute.

Two of these cases, though decided since the statute, were upon facts arising before. In *Flood* v. *Flood*, 1 Allen, 217, it was held that a tenant at will, remaining in possession after the determination of the estate at will by the death of his landlord, refusing to pay rent, and claiming title in himself as the landlord's heir, was not liable to an action by the rightful heirs of the landlord for subsequent use and occupation, before the change in the statute; and it was intimated (which might be more doubtful, in view of the cases above cited) that before such change a tenant at sufferance would not have been liable to the action under any circumstances. In *Kittredge* v. *Peaslee*, 3 Allen, 235, also, it was held that one occupying land adversely to the right of the plaintiff, and claiming in good faith to hold it under a title derived from a third person, was not liable to the plaintiff in an action for use and occupation; and it was not suggested that the statute had varied the rule as between such parties.

The two remaining cases arose since the General Statutes took effect. In the one, where by a deed from the landlord to a third person an estate at will was determined, and the person who had been tenant at will of the grantor thus became a tenant at sufferance, it was held that he was liable to his landlord's grantee in an action under the statute, the court saying that in such a case the statute created the privity and gave a cause of action. *Bunton* v. *Richardson*, 10 Allen, 260. In the other, after the determination of a written lease, the tenant's wife occupied the

premises under her husband, claiming to occupy under an agreement with him, and denying his lessors' title ; it was held that she was not liable to an action by them under the statute ; and Mr. Justice Hoar, in delivering judgment, said : "An action in the nature of assumpsit for use and occupation depends upon a contract, express or implied. The defendant made none with either of the plaintiffs ; never held as their tenant ; denied their title ; and occupied only in right of her husband." *Knowles* v. *Hull*, 99 Mass. 562.

The case now before us is not distinguishable in principle from that just cited, and is governed by the same reasons. The deed of the premises to the defendant's wife, having been made before the St. of 1855, *c.* 304, and not being in terms to her separate use in accordance with the St. of 1845, *c.* 208, the husband was indeed entitled as at common law to the rents and profits ; and the plaintiff by the levy of his execution against the husband has had the rents and profits set off to him for a certain period. Gen. Sts. *c.* 103, §§ 11, 12. *Barber* v. *Root*, 10 Mass. 260. *Clapp* v. *Stoughton*, 10 Pick. 463. *Staples* v. *Brown*, 13 Allen, 64. *Dunn* v. *Sargent*, 101 Mass. 336. But the defendant never made, and could not legally make, any contract with his wife. *Miller* v. *Lang*, 99 Mass. 13. *Knowles* v. *Hull*, Ib. 562. He never made any contract, express or implied, with the plaintiff, or with any one in privity of estate with him ; never held as his tenant ; denied his title ; refused to pay him anything by way of rent, or for the use and occupation of the premises ; and claimed to occupy them in right of his wife, and adversely to the plaintiff. He is not therefore liable in this action.

The plaintiff must seek his remedy, either in the action of ejectment pending between these parties, or by an action of tort in the nature of trespass for mesne profits after recovering judgment in ejectment or entering on the premises. *Sargent* v. *Smith*, 12 Gray, 426 *Northampton Paper Mills* v. *Ames*, 8 Met. 1.

The question submitted to the decision of the court is expressly limited by the terms of the case stated (differing in this respect from the other suit between these parties) to the right to recover in this form of action ; and as this action cannot be maintained, the defendant is entitled to judgment.

CHAPMAN, C. J., dissenting. I regret that I cannot concur in the opinion of my brethren. But the phraseology of the Gen. Sts. *c.* 90, § 25, seems to me to require a different interpretation from that which their opinion gives it, and to entitle the plaintiff to maintain this action. The language is, " Tenants at sufferance in possession of lands or tenements shall be liable to pay rent therefor for such time as they may occupy or detain the same." This seems to me to include all tenants at sufferance. It may well be that the decision in *Delano* v. *Montague*, 4 Cush. 42, suggested the insertion of this section. Be that as it may, while the legislature were framing a provision of this character, it would naturally occur to them that there were some reasons for making all this class of tenants liable to pay for the occupation or detention of property which they thus held. If they intended to include all of them without distinction, they used apt words to express that intention, and I cannot construe them to mean anything less.

Nor can I see anything in § 26 to affect this interpretation. Its first clause provides that " such rent may be recovered in an action of contract." This is a convenient form of action; but does not imply that any contract must be proved, or must exist as the basis of the action. For the idea of contract is inconsistent with the idea of tenancy at sufferance. The remedy is merely a statute remedy, and the form of action is also given by statute.

The last clause provides that " the deed of demise or other instrument in writing, if there be any, may be used in evidence by either party to prove the amount of rent due from the defendant." This clause takes notice of the fact that there may be cases when the action will lie, though there never was such instrument or contract. In many cases the tenant at sufferance has never been liable to pay rent under his prior title. As for example, a tenant *pur autre vie* who remains in possession after the death of *cestui que vie ;* or when one who owns land grants it, and agrees to deliver possession on a certain day, but is suffered to hold over. *Hyatt* v. *Wood*, 4 Johns. 150. Washburn on Real Prop. book 1, *c.* 11, and authorities cited. So when the owner of land mortgages it, with power of sale, and the mortgagee sells it

by virtue of the power, but the mortgagor is suffered to remain in possession. *Kinsley* v. *Ames*, 2 Met. 29. See also *Benedict* v. *Morse*, 10 Met. 223.

The present case is somewhat like *Kinsley* v. *Ames*. The defendant was tenant in right of his wife. *Barber* v. *Root*, 10 Mass. 260. *Clapp* v. *Stoughton*, 10 Pick. 463. The plaintiff had an execution against him, and levied it upon the rents and profits of the land for the term of sixteen months. This was a statute conveyance, and transferred an estate for years to the plaintiff, as fully as a deed from the defendant would have done. But the defendant was suffered to remain in possession till the close of the term, and was neither more nor less than tenant at sufferance. I think the statute applies to him as clearly as to cases like *Bunton* v. *Richardson*, 10 Allen, 260. His denial of the plaintiff's right could not enlarge his estate, or affect the rights of the plaintiff any more than it did in *Kinsley* v. *Ames*, or *Evans* v. *Reed*, 5 Gray, 308. Proof of his prior title which was terminated by passing to the plaintiff, and of his being suffered to remain in possession, brought the case within the words of the statute, and within its reason, and I cannot see any ground for establishing distinctions founded on different species of prior titles. It is not a case for the renunciation of a title such as is discussed in *Boston* v. *Binney*, 11 Pick. 1, 8. The liability is created by the fact of occupation or detention, and not by the defendant's promises, admissions or pretensions.

*Judgment for the defendant.*