CENTRAL MILLS COMPANY *vs.* WILLIAM T. HART & another, trustees.

Worcester. Oct. 4, 1877. — Mar. 1, 1878. ENDICOTT & LORD, JJ., absent.

Evidence that trustees managing a railroad used, in common with the plaintiff and others, land owned by the plaintiff, outside the location of the railroad, will not support an action against the trustees, for use and occupation, in the absence of any evidence of a demise, whether the use was by the permission of the plaintiff or not.

CONTRACT on an account annexed for use and occupation of a parcel of land in Southbridge, from January 1, 1872, to the date of the writ, August 12, 1875. Trial in the Superior Court, before *Dewey*, J., who, after verdict, reported the case for the consideration of this court, in substance as follows :

The defendants were trustees in possession, under a mortgage, of the railroad and other property of the Boston, Hartford and Erie Railroad Company from September, 1871, until July 27, 1875. The plaintiff put in evidence tending to show that, long before the defendants came into possession of the railroad, a spur track had been constructed on the plaintiff's land, extending from the main track outside the location and alongside the plaintiff's freight-house; that this spur track was built for the use of the plaintiff, and continued to be used by it up to the time of bringing this action, to load and unload cars on, in connection with its freight-house, the cars being moved on and off by the agents of the defendants, as the plaintiff required; that, outside of the railroad location, and between the spur track and

a public street, was an open, triangular piece of land owned by the plaintiff; that, during the time covered by the declaration, and before, several persons used this piece of land and spur track for the purpose of loading brick and lumber from their wagons upon the railroad cars, which were placed on the spur track by the agents of the defendants for that purpose, and removed after being so loaded; that the plaintiff also continued to use this piece of land in connection with the spur track and freight-house all this time, but its use of it was seriously interfered with and made inconvenient by the use made of the land and spur track by the persons using the railroad and such agents.

The only evidence of the plaintiff's assent to the use of the spur track and land by the persons using the railroad and the defendants was that in September, 1871, the agent of the plaintiff had a conversation with the defendants' superintendent with regard to settling the plaintiff's claim against the railroad for land damage, and for using said land and track; and it was agreed that the plaintiff should convey to the defendants a strip of land by the side of the location, and a privilege to use a part of the triangular piece of land in common with the plaintiff, and release land damages, for a certain sum, and meanwhile the defendants were to have a right, in common with the plaintiff, to use the spur track and land as far as the corner of the freight-house, which was only a part of the spur track and triangular piece of land. This agreement was never carried out; and the defendants denied the superintendent's authority to make it. The same use of the land and track was made after that as before, and the defendants knew of it and authorized it, and it was of advantage to them. There was also evidence that the plaintiff's agent communicated to one of the defendants the agreement with the superintendent, and claimed that the plaintiff was entitled to compensation for said use.

The plaintiff's agent testified that the above described use of the plaintiff's land, except so far as he gave permission to use the land and track temporarily up to the corner of the freight-house, was without the plaintiff's consent, and that he complained of it frequently to the defendants' agents.

The defendants asked the judge to rule that on the evidence the action could not be maintained. The judge declined so to

rule, and instructed the jury as follows : " If the defendants authorized the use made of the land and tracks, the plaintiff is entitled to recover, for the whole time covered by the declaration, a reasonable sum for the use and occupation." The jury returned a verdict for the plaintiff for $252.98.

If this ruling was correct, judgment was to be entered for the plaintiff; otherwise, the verdict was to be set aside.

*F. P. Goulding*, for the defendants.

*W. S. B. Hopkins & J. M. Cochran*, for the plaintiff.

AMES, J.   In order to maintain assumpsit for the use and occupation of land, something in the nature of a demise must be shown, or some evidence given to establish the relation of landlord and tenant.   That relation can only grow out of a contract, and it has accordingly been held that a contract, express or implied, is necessary in order to sustain assumpsit for use and occupation.   *Codman* v. *Jenkins*, 14 Mass. 93, 95.   *Boston* v. *Binney*, 11 Pick. 1.   *Merrill* v. *Bullock*, 105 Mass. 486, 490.   *Bancroft* v. *Wardwell*, 13 Johns. 489.   *Smith* v. *Stewart*, 6 Johns. 46.   The contract need not be technically formal, but there must at least be a permissive occupation by the tenant.   Occupation by the tenant with the assent of the landlord is indispensable to the maintenance of the action.   *Wood* v. *Wilcox*, 1 Denio, 37.

In the present case, it is not contended that there was any exclusive or continuous occupation by the defendants of the land or the tracks.   On the contrary, it appears that the plaintiff used the land, in connection with the track and its own freight-house, all the time covered by the declaration, although this use was seriously interfered with and made inconvenient by the use made of the land and track by these trustees and the persons who dealt with them.   We must suppose that this use by the defendants was beneficial and convenient to them, but it does not appear to us such a legal or constructive possession of the premises as is implied in the term demise.   *Hamblett* v. *Bennett*, 6 Allen, 140. If their entry upon and occasional or even frequent use of the land and track were by the permission of the plaintiff, the most that can be said would be that they had a mere license to use the land, which would be revocable at the pleasure of the plaintiff so long as it remained executory, and, until so counter-manded, could only operate as an excuse for a trespass

On the other hand, if this use of the land by the defendants was not with the permission of the plaintiff, and was a matter of complaint and objection on its part, then it was a mere trespass, and not a demise. The relation of landlord and tenant in that case would have no existence between these parties. *Smith* v. *Stewart, ubi supra.* In either case, we see no ground on which the plaintiff can be entitled to recover in the present action.

*Verdict set aside.*