ARTHUR P. CARPENTER *vs.* ROBERT ALLEN.

Berkshire.   September 12, 1905. — October 17, 1905.

Present: KNOWLTON, C. J., LATHROP, HAMMOND, LORING, & BRALEY, JJ.

*Landlord and Tenant.   Contract,* Implied: common counts.

One who has continued his occupation of a house and land against the will of the owner and has refused to surrender possession of the premises is not liable to pay rent as a tenant at sufferance under R. L. c. 129, § 3.

THE following statement of the case is taken from the opinion of the court: This is an action for use and occupation of a house and land belonging to a wife, brought against her husband by one to whom the wife had given a written lease for the purpose of collecting rents.   The husband and wife occupied the premises until the wife left the husband, and he with his family continued to occupy the premises after his wife left.   Before giving the lease to the plaintiff the wife demanded possession of the premises of the defendant and he refused to surrender them to her. Thereupon the lease to the plaintiff was made on May 11, 1903, and on May 16, 1903, the lessee gave the husband notice to quit in two days.   To this the husband paid no attention.   The rent claimed is from May 11, 1903, to May 11, 1904.

In the Superior Court *Maynard,* J. ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*E. D. Getman & J. F. Manning,* for the plaintiff.

*M. E. Couch & C. P. Niles,* for the defendant.

LORING, J. [After the foregoing statement of the case.]   The ruling was right.   R. L. c. 129, § 3, providing that tenants at sufferance in the possession of land shall be liable to pay rent therefor for such time as they may occupy or detain the same does not apply where the tenant has not occupied with the assent express or implied of the plaintiff or one under whom the plaintiff claims.   That was decided in *Merrill* v. *Bullock,* 105 Mass. 486, to be the true construction of the statute.   That construction has been acquiesced in by the Legislature for thirty-five years, and has been followed in later cases.   See *Central Mills Co.* v. *Hart,* 124 Mass. 123 ; *Kirchgassner* v. *Rodick,* 170 Mass. 543.                    *Exceptions overruled.*