THOMAS F. BURKE *vs.* CHARLES C. WILLARD.

Suffolk.    December 4, 1922. — January 9, 1923.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & JENNEY, JJ.

*Landlord and Tenant,* Tenant's liability for rent to mortgagee in possession, Tenancy by sufferance.

A lessee of a suite in an apartment house paid to the lessor on a January 1 rent in advance for a month in accordance with the terms of the lease. The holder of a second mortgage upon the apartment house, given by the lessor prior to the execution of the lease, entered and took possession of the premises on January 7 for purposes of foreclosure for breach of the conditions in the mort-

gage and the lessee was served with notice of the entry. In an action by the second mortgagee against the lessee on an account annexed for use and occupation of the leased premises from January 7 to January 31, there was evidence that the defendant, upon being notified of the entry, denied the plaintiff's right to assert any claim or title against him for rent and stated to the plaintiff that he was occupying under a written lease which he claimed gave him a right to occupy the premises and that he refused to pay rent, and during all his occupancy in the month of January claimed to hold adversely to the plaintiff. *Held*, that

(1) There was no contract express or implied to pay rent to the plaintiff;

(2) No privity between the plaintiff and the defendant was created by G. L. c. 186, § 3;

(3) The action could not be maintained.

CONTRACT upon an account annexed for $37.20 with interest for use and occupation of a suite in an apartment house in Cambridge from January 7, 1921, to January 31, 1921. Writ in the Municipal Court of the City of Boston dated June 8, 1921.

The material evidence at the trial in the Municipal Court is described in the opinion. At the close of the evidence, the defendant requested the following rulings:

"1. Upon all the evidence, the defendant is entitled to a finding in his favor.

"2. If the court finds that the defendant during the period from January 7 to January 31, 1921, did not hold possession as the tenant of the plaintiff and denied his title, then the plaintiff is not entitled to recover.

"3. If the court finds that the defendant held during said period adversely to the plaintiff, the plaintiff is not entitled to recover.

"4. In order to sustain a finding for the plaintiff, the plaintiff must prove a contract, express or implied, by the defendant to pay the plaintiff for the use and occupation of said premises."

The first three of the rulings were refused and the fourth ruling was given with the qualification that the contract might be implied by virtue of the statute. The judge found that the defendant held as tenant at sufferance of the plaintiff, found for the plaintiff in the sum of $37 and reported the action to the Appellate Division, who ordered judgment entered for the defendant. The plaintiff appealed.

G. L. c. 186, § 3, referred to in the opinion, reads as follows: "Tenants at sufferance in possession of land or tenements shall

be liable to pay rent therefor for such time as they may occupy or detain the same."

*W. H. Sullivan*, for the plaintiff.

*L. J. Dunn*, for the defendant.

CROSBY, J.　This is an action of contract on an account annexed to recover for use and occupation of a suite in an apartment house for twenty-four days — from January 7, 1921, to January 31, 1921. The plaintiff was the owner and holder of a second mortgage given by Anthony Goven on the apartment house, and on January 7, 1921, for breach of the conditions of the mortgage, he entered the premises and took possession thereof for the purpose of foreclosure.

After the giving of the mortgage Goven leased the suite to the defendant under a lease dated July 1, 1920, for the term of one year; the lease provided that the rent should be payable each month in advance; and on January 1, 1921, the defendant paid to Goven the rent due for the month of January.

The defendant had no knowledge of the mortgage when he executed the lease, or at any time before January 7, 1921, when he was served with notice by the plaintiff of the latter's entry to foreclose; at that time the defendant notified the plaintiff that he denied the right of the plaintiff to assert any claim against him for rent subsequent to the time of entry, and stated that he was occupying the suite under a written lease which he considered gave him a right to continue to occupy the premises without liability to pay rent to the plaintiff for the use and occupation thereof. He further notified the plaintiff that he did not recognize him in the premises, and would refuse to pay him rent. The defendant continued to occupy the suite during the remainder of the month of January, but never has paid the plaintiff any rent, and at all times during his occupancy in January, he claimed to hold adversely to the plaintiff. On appeal the Appellate Division ordered judgment for the defendant.

After the plaintiff entered and took possession for the purpose of foreclosing his mortgage, the defendant became a tenant at sufferance. The plaintiff contends that under G. L. c. 186, § 3, the defendant is liable to pay him rent from January 7 to January 31.

At common law a tenant at sufferance was not liable to pay rent,

but such a tenant occupying by permission of the landlord was liable upon an implied contract for use and occupation, although if he asserted an adverse title he was not liable. The statute above referred to was first enacted as part of the Gen. Sts. c. 90, § 25, and was construed by this court in the case of *Merrill* v. *Bullock*, 105 Mass. 486. It was there said by Gray, J.: "In this Commonwealth, it was always held that where the tenant at sufferance had never occupied under the plaintiff or under any party in privity with him, but claimed to hold under an adverse title, the action for use and occupation could not be maintained; because, to support such an action, there must be evidence of a contract or undertaking by the defendant, express or implied; . . . In the opinion of the majority of the court, the intention of the Legislature was to . . . prevent any tenant from occupying premises without making compensation to his landlord; and to declare that an action of contract for use and occupation might be maintained wherever the relation of tenant and landlord, either by lease for years or at will, or permission and assent, express or implied, had existed between the defendant and the plaintiff, or between the defendant and any person with whom the plaintiff was in privity of estate, even if he might not, but for the statute, have been in sufficient privity with the defendant to maintain the action; but not to make the occupant of land liable to an action of contract by a person whose title he had never admitted, expressly or by implication, but had always denied, and whose tenant he had never in any sense been; and that this construction is already established by the cases adjudged since the statute."

The same principle was applied in *Knowles* v. *Hull*, 99 Mass. 562, and in *Winnisimmet Trust, Inc.* v. *Libby*, 232 Mass. 491. See also *Pierce* v. *Kolikof*, 232 Mass. 479.

Where an estate occupied by a tenant at will is sold by the owner, the tenancy at will is terminated and the tenant becomes a tenant at sufferance only; and under the statute he is liable for rent to his landlord's grantee, it being held that in such a case the statute creates the privity and authorizes a recovery for use and occupation. *Bunton* v. *Richardson*, 10 Allen, 260.

The mortgage given by the owner to the plaintiff, although in form a conveyance of the real estate, in substance was a security

for the performance of an obligation. The estate so mortgaged, until foreclosure is a pledge only; the equity of redemption remains, and the mortgage is extinguished by the payment of the debt. *Heburn* v. *Warner,* 112 Mass. 271.

Before entry, the mortgagor could lease the estate to the defendant subject to the rights of the mortgagee. While the mortgagor is allowed to remain in possession he has a right to the rents and profits. There is no privity between the mortgagee and a tenant of the mortgagor. *Tilden* v. *Greenwood,* 149 Mass. 567.

The mortgage conveyed an equitable fee in the land and was subject to redemption; there was no privity created by the statute such as was held to exist in *Bunton* v. *Richardson, supra.*

The defendant made no contract with the plaintiff, express or implied; he never occupied the premises as the plaintiff's tenant, and denied the plaintiff's right to assert any claim or title against him for rent; he stated to the plaintiff that he was occupying under a written lease which he claimed gave him a right to occupy the premises; he refused to pay rent, and during all his occupancy in the month of January he claimed to hold adversely to the plaintiff.

As there was no privity created by the statute, and as there was no contract express or implied to pay rent to the plaintiff, the action cannot be maintained. *Flood* v. *Flood,* 1 Allen, 217. *Kittredge* v. *Peaslee,* 3 Allen, 235. *Knowles* v. *Hull, supra. Merrill* v. *Bullock, supra. Central Mills Co.* v. *Hart,* 124 Mass. 123. *Kirchgassner* v. *Rodick,* 170 Mass. 543. *Carpenter* v. *Allen,* 189 Mass. 246. *Mathews* v. *Carlton,* 189 Mass. 285.

The case of *Swift* v. *Boyd,* 202 Mass. 26, is distinguishable in its facts from the case at bar.

The order of the Appellate Division for the entry of judgment for the defendant is affirmed.

*So ordered.*