Hibbard, P. J.
This is an action of contract before us on a report erroneously captioned “Draft Report”. The Declaration is in two counts. The first count in substance alleges that the defendant owes the plaintiff the sum of eighty-five ($85.) dollars for use and occupation of a certain tenement from March 9, 1935 to April 9, 1935. The second count alleges that the defendant is the head of a family and that the rent due the plaintiff from March 9, 1935 to April 9, 1935 is for necessaries for the use and occupation of a dwelling house. Both counts are for the same cause of action. The defendant’s answer was a general denial and allegation of payment. The only person to testify at the trial was the defendant. This testimony is set forth in substance in the finding of fact made by the Court hereinafter referred to.
At the close of the trial and before the final argument, the defendant made the following requests for rulings:
“1. A husband holding possession under his wife’s right is not a tenant at sufferance, and is, therefore, not liable for use and occupation if he continues to hold the premises under his wife’s right. Merrill v. Bullock, 105 Mass. 486.
2. No action can be maintained by the power of an estate in lands against one who never occupied under agreement, permission, or assent, expressed or implied, between the occupant and the owner, or any one in privity with him. Merrill v. Bullock, 105 Mass. 486.
3. Assuming that the defendant is the head of a family, his occupation of the premises must be referred to his wife’s interest in them and be deemed to have *28 been with, her license or permission. Kirchgassner v. Rodick, 170 Mass. 543, 49 N. E. 1015.
4. The plaintiff cannot recover unless they can show that the defendant occupied the premises as the plaintiff’s tenant under a contract, expressed or implied. A contract cannot be implied where there is no privity between the parties and where the defendant denied the plaintiff’s right to assert any claim or title against the defendant for rent. Burke vs. Willard, 243 Mass. 547; 137 N. E. 744.
5. The burden of proof is on the plaintiffs to show that the defendant neglected or refused to supply his wife with what was necessary for decency and comfort. Richardson v. Payne, 114 Mass. 429.
6. There was no agreement between the parties as to payment of rent.
7. No contract expressed or implied was ever entered into between the parties.
8. The defendant cannot be held liable to the plaintiff for the use and occupation of the premises because the defendant cannot be considered a tenant.
9. After lawful entry by a mortgagee, the mortgagor may become a tenant at sufferance but as such it is doubtful whether he is liable for use and occupation under General Laws chapter 186, section 3. The defendant in this case not being the mortgagor there is clearly no liability, for rent or for use and occupation, to the plaintiff. Burke v. Willard, 243 Mass. 547; Merrill v. Bullock, 105 Mass. 485; Morse v. Merritt, 110 Mass. 458; Porter v. Hubbard, 134 Mass. 233; Murray v. Riley, 140 Mass. 490; Carpenter v. Allen, 189 Mass. 246.
10. Upon all the law and the evidence and the pleadings, the Oourt should find for the defendant.”
Of these rulings, the first, second and fourth were granted as propositions of law. The rest were denied. The finding of fact by the Trial Judge was as follows:
“I find that the defendant Abraham Greenspan is the head of a family consisting of his wife, Clara M. Greenspan, and their two children. On June 8, 1934, the said Clara M. Greenspan gave to the plaintiffs a *29 mortgage on land situate at 27 Colt Street in Holyoke, where the defendant and his family were then living.
On March 8, 1935, an open, peaceable and unopposed entry was made on the premises described in said mortgage in the usual form. On March 8, 1935, the following letter was written to and received by the defendant:
‘March 8, 1935.
Mr. Abraham Greenspan 27 Colt Street Holyoke, Mass.
Dear Sir:
You are hereby notified that I have made an entry for foreclosure on the property occupied by you, and that from this day on, you are to pay rent to us for the use of the premises, #27 Colt Street, Holyoke, Mass, at the rate of eighty-five dollars ($85.00) per month; payable in advance.
Very truly yours,
Ida S. Hansen and John E. Hansen by Benjamin F. Evarts, Their Attorney.’
On March 11, 1935, the defendant wrote to, and the plaintiffs received the following letter:
‘March 11, 1935.
Mrs. Ida S. Hansen, 6 Thorpe Avenue Holyoke, Mass.
Dear Madam:
I wish to acknowledge your letter of March 8th for you by Attorney Benjamin F. Evarts.
Please take notice that under no circumstances, directly or indirectly will I enter into any contract or relationship with you. Mrs. Clara M. Greenspan is the owner of the property at 27 Colt Street. Any arrangements for rent, for occupancy or for any matter relating to your mortgage must be taken up with her and not with me.
Very truly yours,’
*30 On March 12, 1935, the plaintiff’s attorney wrote to and the defendant received the following letter:
‘March 12, 1935.
Mr. Abraham Greenspan Hadley Falls Building Holyoke, Mass.
Dear Sir:
Your letter of March 11,1935, addressed to Mrs. Ida S. Hansen, has been turned over to me as her attorney.
In reply to the same I wish to say that you are to be held for use and occupation of the premises from the date of entry.
Very truly yours,
Bestjamin F. Evarts. ’
Notwithstanding his letter of March 11, 1935, the defendant continued to occupy the premises until April 24, 1935. On the day of the foreclosure sale, April 9, 1935, the defendant said to Mrs. Hansen, ‘You are not my landlord. I don’t owe you any rent.’
I find as a matter of fact and as a matter of law that this continued occupation constituted an implied contract.
41 C. J. p. 906, sec. 1259, and Massachusetts cases cited.
I find for the plaintiffs in the sum of eighty-five dollars ($85.00).
Merrill L. Welches,
Special Justice.”
The defendant claiming to be aggrieved by the refusals to rule requested the report.
It is tó be noted with respect to this finding that although the Trial Court found for the plaintiffs he made no statement as to upon which count he so found.
The defendant has argued the refusal to give his 9th request. We accordingly assume he has waived his claim of report as to the others denied. Irrespective of this we have considered them and find no prejudicial error in their *31 denial. The 9th request is not aptly phrased but we treat it as if it read:
“After lawful entry by a mortgagor, the mortgagee may become a tenant at sufferance but as such is not liable for use and occupation under Gr. L. ch. 186, sec. 3. The defendant not being the mortgagor there is clearly no liability for rent for use and occupation.”
The defendant cites as authority for this ruling the case of Burke vs. Willard, 243 Mass. 547. See same case in 249 Mass. 313. This case is not exactly analogous. It there appeared that the defendant was a lessee and that the lessor had executed a second mortgage of an apartment house, a portion of which was so leased prior to the execution of the mortgage. The mortgagee entered and took possession of the premises for the purposes of foreclosure for breach of the conditions in the mortgage and the lessee was served with notice of the entry. The second mortgagee brought suit against the lessee (defendant) for use and occupation. At the trial there was evidence that the defendant upon being notified of the entry denied the plaintiff’s right to assert any claim of title against him for rent and stated he was occupying under a written lease, refused to pay rent and claimed to hold adversely to the plaintiff. It was held inter alla that after the plaintiff entered and took possession for the purpose of foreclosing his mortgage, the defendant became a tenant at sufferance; that at common law a tenant at sufferance was not liable to pay rent but such a tenant occupying by permission of the landlord was liable •upon an implied contract for use and occupation although if he asserted an adverse title he was not liable; that Gr. L. eh. 186 see. 3 under which the plaintiff contended the defendant was liable to pay him rent, said section 3 reading as follows:
*32 “Tenants at sufferance in possession of land or tenement shall be liable to pay rent therefor for such time as they may occupy or detain the same,”
was intended to prevent any tenant from occupying premises without making compensation to his landlord and to declare that an action of contract for use and occupation might be maintained wherever the relation of tenant and landlord, either by lease for years or at will, or permission and assent, express or implied, had existed between the defendant and the plaintiff, or between the defendant and any person with whom the plaintiff was in privity of estate, even if he might not, but for the statute, have been in sufficient privity with the defendant to maintain the action ; but not to make the occupant of land liable to an action of contract by a person whose title he had never admitted, expressly or by implication, but had always denied, and whose tenant he had never in any sense been; that where an estate occupied by a tenant at will is sold by the owner, the tenancy at will is terminated and the tenant becomes a tenant at sufferance only; and under the statute he is liable for rent to his landlord’s grantee, the statute in such ease creating the privity and authorizing a recovery for use and occupation; that a mortgage although in form a conveyance of real estate is in substance a security for the performance of an obligation, and until foreclosure is a pledge only, the equity of redemption remains and the mortgage is extinguished by the payment of the debt.
From the foregoing it would clearly appear that the Oourt distinguished situations created by a sale and by a mortgage until the mortgage was foreclosed. It is also stated in the opinion that
“The defendant made no contract with the plaintiff express or implied. He never occupied the premises as the plaintiff’s tenant and denied the plaintiff’s right *33 to assert any claim of title against him for rent. He stated to the plaintiff he was occnpying under a written lease which he claimed gave him a right to occupy the premises. He refused to pay rent and during all his occupancy he claimed to hold adversely to the plaintiff.
As there was no privity created by the statute, and as there was no contract. express or implied to pay rent to the plaintiff, the action cannot be maintained.”
The opinion in this case seems to lend some support to the claim that the requested ruling should have been given. The Trial Judge in his finding uses the following language:
“I find as a matter of fact and as a matter of law that this continued occupation constituted an implied contract”
and cites thereunder 41 C. J. page 906, section 1259, and Massachusetts cases.
We proceed to analyze this finding:
Implied contracts are frequently spoken of as being divisible into two classes:
(1) Contracts implied in fact and
(2) Quasi or constructive contracts.
A contract implied in fact arises where the intention of the parties is not expressed but an agreement in fact creating an obligation is implied or presumed from their acts, or as it has been otherwise stated where there are circumstances which according to the ordinary course of dealing and the common understanding of men show a mutual intent to contract. The implication of course must be a reasonable deduction from all the circumstances and relations of the parties.
In view of the entire lack of any contractual relation between the mortgagor, the mortgagee (plaintiff) and the defendant and the fact that the defendant was the husband of the mortgagor and occupying the premises in the ordi *34 nary course of Ms domestic life, it is hard to conceive there could be any finding of fact that a contract was implied from the relations of the parties.
A quasi or constructive contract is imposed or created by law without regard to the assent of the party bound on the ground it is dictated by reason and justice and is allowed to be enforced by an action ex contractu. It rests solely on legal fiction and is not a contract obligation at all in the true sense for there is no agreement. It is difficult to understand how upon the situation above set forth there could be a finding that a quasi or constructive contract existed in the face of a specific denial maintained throughout the entire period of occupancy. Neither reason nor justice seem to dictate such.
However assuming that a Trial Court could find as a fact that there was an implied contract, the Court could not go further and hold that continued occupation constituted an implied contract as a matter of law. Such a ruling flies in the face of the decision in Burke vs. Willard supra. Furthermore if the Court found for the plaintiff on a count for use and occupation on an implied contract, there should be some evidence of the value of the use of the premises. There is no evidence of such disclosed in the report.
For the reasons hereinbefore set forth, we deem it necessary to send the case back to the court of origin for a retrial. The finding may have been right but we are unable on the report so to determine. Kaufmann vs. Sydeman, 251 Mass. 210, 217.
The finding must be prejudicial error found. Case remanded to the Trial Court for a new trial.