Gadsby, P. J.
This is an action of contract in two counts, the first being for use and occupation of premises purchased by the plaintiffs from the defendants on August 31, 1948, and occupied by the defendants from September 1, 1948, to November 15, 1948. The second count is for improper use of the premises during- the time occupied.
The trial judge found for the plaintiffs on count one, and for the defendants on count two.
The plaintiff Joseph Manning testified that he and the plaintiff Julia Manning, his wife, purchased the premises from the defendants on August 31, 1948. He further testified that the defendants were in possession of the premises and said they would be out by September 14,1948, and that he gave the defendants permission to stay. The plaintiff Joseph Manning, further testified that there was no conversation at any time with the defendants as to money for use and occupation of the premises, and that he called the *248 defendants sometime in September, 1948, and they said that they couldn’t find a place to move to. The plaintiff Joseph Manning further testified that he at no time accepted or treated the defendants as his tenants and he had no desire to create a tenancy at any time. The defendants ’ testimony was to the effect that they never were or never intended to become tenants of the plaintiffs.
The defendants filed various requests for rulings of law, which in substance, requested the trial judge to rule that there was no landlord and tenant relation between the parties. These requests are as follows:
(2) If the court finds that the defendants during the period between September 1, 1948, to November 15, 1948, did not hold possession as the tenants of the plaintiffs, then the plaintiffs are not entitled to recover. (4) In order to sustain a finding for the plaintiffs, the plaintiffs must prove a contract, express or implied, by the defendants to pay the plaintiffs for the use and occupation of said premises. (7) The court should find upon all the evidence that the defendants never made any contract, express or implied with the plaintiffs or with anyone in privity of estate with them; that the defendants.never held the premises as tenants of the plaintiffs, and the defendants refused to pay anything by way of rent, or for the use and occupation of the premises. (8) The court should rule as a matter of law that the plaintiffs must seek their remedy either in an action of ejectment or by an action of tort in the nature of trespass for mesne profits. (10) As there was no privity created by the statute and as there was no contract express or implied to pay rent to the plaintiffs, this action cannot be maintained.
The Court denied said requests and found that the defendants were tenants at sufferance and found for the plaintiffs.
It would appear that the defendants made no contract with the plaintiffs express or implied; they never occupied *249 the premises as tenants of the plaintiffs. As there was no privity created by statute and there was no contract express or implied to pay rent to the plaintiffs, the action for use and occupation cannot be maintained. Burke v. 'Willard, 243 Mass. 547.
As the court said in Williams v. Seder, 306 Mass. 134 at 136, “A tenancy at will arises out of an agreement express or implied by which one uses and occupies the premises of another for a consideration usually the payment of rent. The relation between the tenant and landlord is contractual.”
This is not a case where an estate occupied by a tenant at will is sold by the owner and the tenancy at will is terminated so that the tenant becomes a tenant at sufferance being liable under the statute for rent to his landlord’s grantee. In such a case the statute creates the privity and authorizes a recovery for use and occupation. In the case at bar no tenancy ever existed.
■Since there was no privity created by the statute and there was no contract express or implied to pay rent to the plaintiffs, the action for use and occupation cannot be maintained. Central Milk Co. v. Hart, 124 Mass. 123 at 125; Marrill v. Bullock, 105 Mass. 486.
The finding for the plaintiffs is therefore vacated and it is ordered that a finding be entered for the defendants.