FANNIE W. SELLERS *vs.* HARRIS FRANK.
SAME *vs.* SAME.

Essex.    November 8, 1912. — January 27, 1913.

Present: RUGG, C. J., BRALEY, SHELDON, & DECOURCY, JJ.

*Landlord and Tenant.    Contract, Implied in fact.*

At the trial of an action for use and occupation of land from an August 10 to the following November 8, it appeared that during that time a part of an ell of a building of the defendant stood upon land of the plaintiff, that on August 10 the plaintiff's attorney wrote to the defendant demanding an immediate removal of that portion of the ell and stating that, if the defendant desired to hire the land on which it stood, he might do so at $1 a day. The defendant replied stating that he felt that the plaintiff could not be harmed if the matter was allowed to stand until he had a chance to verify the claim, and requesting permission to go upon the plaintiff's land to remove the ell. On October 5 the plaintiff wrote to the defendant that thereafter the rental of the premises would be $2 a day and that continued occupation by the defendant

would be considered as an acceptance of those terms. On the next day the defendant's attorney replied that the defendant denied the plaintiff's right to make the claim and that he had "taken steps to determine the interests of the parties." On the foregoing evidence there was a finding for the plaintiff at the rate of $1 a day. *Held*, that the finding was warranted, as it might be inferred from the defendant's conduct that he agreed to become a tenant at the rent of $1 a day, but that he did not acquiesce in the plaintiff's attempt to increase the rent during the tenancy.

Two ACTIONS OF CONTRACT for use and occupation of land, the claim in the first action being $1 a day for the fifty-three days from August 10 to October 2, 1909, and that in the second action being $2 a day for the thirty-seven days from October 2 to November 8, 1909. Writs in the Lynn Police Court dated respectively October 2 and November 8, 1909.

On appeal to the Superior Court the cases were heard together by *Irwin*, J., without a jury. It appeared that an ell of a building of the defendant projected between two and three feet upon land of the plaintiff. The only dealings between the parties as to the subject matter of the suit were contained in the following letters:

Previous to August 3, 1909, the plaintiff's attorney wrote to the defendant seeking an interview but not stating why he sought it. On August 3 he wrote again, stating: "Your house on said lot [referring to the lot adjoining the plaintiff's] projects over on to the property of Fannie Sellers by actual measurement four feet. I desire to see you to see if arrangements can be made to remove the house from the premises without taking any action." Receiving no reply, he wrote to the defendant again on August 10, stating: "You are hereby notified to remove forthwith that portion of your building which now is on the land of Fannie W. Sellers. If not attended to forthwith we are instructed to take action to have same removed. I am instructed to say that if you desire to hire the land on which your building rests, it will be leased to you for such term as you may desire. The rent will be one dollar per day."

On August 12, the defendant replied with a letter containing the following: "The alleged claim that that portion of the building you refer to as resting upon the land which was recently sold by my wife to her sister, Mrs. Sellers, has but recently come to my knowledge. Mrs. Sellers claims to have had the knowledge of the situation of the building some time prior to the time that I

purchased the lot. She had knowledge of that fact at the time I was induced to sign the deed conveying the adjoining lot to her, therefore I feel that she cannot be harmed, provided that the matter is allowed to stand until I have had a chance to verify her claims. In the meantime I propose to consider the advisability of cutting away that portion of the building which she claims extends on to her land. Now that she has seen fit to undertake process against me I feel it my duty that I should first get from her permission to go on to her premises in order to get at that part of the ell at the time that I seek to remove same, therefore will you be kind enough to let me know whether or not I can procure from your client, through you, a license so to do?"

The next letter which passed between the parties was one of October 5, 1909, directed to the defendant and signed in the name of the plaintiff, stating: "You are hereby notified that on and after the date hereof the rental of my premises occupied by you will be two dollars per day. Your continued occupation of these premises will be considered by me as an acceptance of these terms during the period that you so occupy them." The defendant's attorney replied on October 6, stating: "Your letter of the fifth inst., addressed to Mr. Harris Frank has been handed to me for reply. Mr. Frank denies your right to make a claim as therein specified. I have taken steps to determine the interest of the parties; due notice of which you will receive."

On October 8, the plaintiff's attorney wrote to the defendant's attorney: "Mr. Frank admitted, and his engineer corroborated him that his building was over upon our land between two and three feet, and in a letter to me promised if given time to remove the same. I am somewhat surprised at your statement now that you have taken steps to determine the interest of the parties, as I supposed that was all agreed upon or admitted. What we desire is for Mr. Frank to remove that part of the building that is upon our land, and as long as it stands upon our land we will make this claim for rent and endeavor to enforce same by suit, if necessary."

Receiving no reply, the plaintiff's attorney wrote again to the defendant on January 1, 1910, on the subject. The defendant removed the building from the plaintiff's premises in November, 1910.

The defendant asked the judge to rule that on all the evidence the plaintiff was not entitled to recover. The ruling was refused, and the judge found for the plaintiff in the first action in the sum of $53, and in the second action in the sum of $37. The defendant alleged exceptions.

The cases were submitted on briefs.

*R. W. Light,* for the defendant.

*J. H. Sisk, W. E. Sisk & R. L. Sisk,* for the plaintiff.

DE COURCY, J. During the time covered by the declaration in these two actions, a portion of the ell of the defendant's house extended beyond his own lot and upon the adjoining land of the plaintiff. If this encroachment existed without the consent of the landowner the defendant would be a trespasser; and his occupation, even by her permission, would be only that of a mere licensee unless he was there as her tenant. The judge of the Superior Court, in finding for the plaintiff, necessarily must have found that the use and occupation by the defendant was with the permission of the plaintiff and under a contract, express or implied, that created between them the relation of landlord and tenant. *Central Mills Co.* v. *Hart,* 124 Mass. 123.

The sole question raised by the exceptions is whether on all the evidence it should have been ruled that the plaintiff was not entitled to recover. Although no express contract of tenancy was shown, we cannot say as matter of law that the trial judge was not warranted in inferring such an agreement from the conduct of the parties. In her letter of August 10, 1909, the plaintiff offered to let to the defendant, as tenant at will, the land upon which the ell of the building stood, and it could be found that this offer remained open until after the period for which rent is now demanded. Although the defendant's reply of August 12 was somewhat ambiguous, it certainly did not decline this offer; and neither then nor later did he claim any right to occupy the land without the plaintiff's consent. The judge well might infer from the defendant's conduct that he assented to the plaintiff's proposition, that under the contract so created he continued to occupy the premises as tenant at the rental of $1 a day, and that he did not acquiesce in the plaintiff's attempt to increase the rent during the tenancy.

*Exceptions overruled.*