## JOHN W. LUFKIN *vs.* LOUIS SPILLER.

Suffolk.    December 12, 1924. — January 8, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Landlord and Tenant*, Existence of relation.    *Contract*, Implied.

At the trial of an action of contract with a declaration in two counts, the first for rent of a passageway and the second for use and occupation thereof, there was evidence tending to show that the plaintiff owned one half of the passageway and that the owner of the other half also was the owner of an estate upon which was a stable of which the defendant was in occupation, using the passageway in connection therewith for storage purposes; that the plaintiff told the defendant that he would charge him for such use and later told him that the rent would be at a higher rate than formerly; that the defendant replied that he would not pay until some old iron was removed from the passageway.   The judge found for the plaintiff.   *Held,* that

(1)  There was no error of law in denying a request by the defendant for a ruling that the plaintiff could not recover;

(2)  There was no error of law in denying a request that the defendant could not be held liable unless he was the owner of the business which used the passageway;

(3)  A request, to the effect that the plaintiff could not recover unless he proved an express agreement with the defendant for the hire of the passageway, manifestly was unsound in law.

CONTRACT, with a declaration in two counts, the first for $110 alleged to be due as rent of a passageway on Chardon Street in Boston according to an account annexed, and the second for that sum for "use and occupation" of the passageway, according to the account annexed.   Writ in the Municipal Court of the City of Boston dated October 19, 1922.

Material evidence at the trial in the municipal court is

described in the opinion. The defendant asked for the following rulings:

"1. That upon all the evidence, the plaintiff is not entitled to recover.

"2. That the plaintiff cannot recover for use and occupation unless he proves continuous occupation.

"3. That the plaintiff cannot recover, unless he proves an express agreement with the defendant for the hire of the passageway.

"4. That the plaintiff cannot recover against the defendant, if the defendant is not the owner of the business which used said passageway."

The judge found for the plaintiff in the sum of $110 and filed the following statement:

"I find that the defendant impliedly agreed to pay the plaintiff for the use of the passageway $10 a month at first and $15 a month after March, 1922, and that he occupied it continuously. Of the rulings requested by the defendant, I give 2 and refuse 1, 3 and 4."

The judge then reported the case to the Appellate Division, who ordered the report dismissed. The defendant appealed.

The case was submitted on briefs.

*H. Kahn & B. Beerman,* for the defendant.

No argument nor brief for the plaintiff.

RUGG, C.J. This is an action of contract to recover for use and occupation of a passageway. One half of the passageway was owned by the plaintiff and the other half by the owner of an estate occupied as a stable. There was evidence tending to show that the defendant was in occupation of the stable and that the passageway was used in connection with the stable for the storage of wagons and carts; that the plaintiff told the defendant he should charge him for such use, to which apparently the defendant made no reply, and later, that the rent would be at a higher rate; and that the defendant then replied that he would not pay until some old iron was removed from the passageway. There was other evidence tending to exonerate the defendant from liability. The finding was for the plaintiff, the court ruling that there could be no recovery unless the plaintiff proved continuous

occupation by the defendant. The general finding in favor of the plaintiff imported a finding of all subsidiary facts necessary to that result, which the evidence would support.

There was no error of law in denying the request that the plaintiff could not recover. It was a question of fact on all the evidence whether the defendant had conducted himself with reference to the use of the passageway, either in conversation or in action, so as to become liable personally for rent arising from its use for storage. For the same reason, there was no error of law in denying the request that the defendant could not be held liable unless he was the owner of the business which used the passageway.

The remaining request, to the effect that the plaintiff could not recover unless he proved an express agreement with the defendant for the hire of the passageway, manifestly was unsound in law. Such a contract might arise by implication. *Central Mills Co.* v. *Hart,* 124 Mass. 123. *Sellers* v. *Frank,* 213 Mass. 298, 301.

*Order dismissing report affirmed.*