*Municipal Court of the*
*City of Boston*
No. 325791

## ALBERTA A. CUDDY

v.

## DELILLUS C. KIPP

Argued: May 18, 1973 - Decided: Oct. 16, 1973

*Present:* Foster, J. (Presiding), Elam, Doerfer, JJ.

Case tried to *Lewiton, J.*

**Doerfer, J.** In this action of contract the amended declaration sets forth two counts: one for rent due for certain premises in Bos-

ton from the period March 1970 to October 1, 1972; the second for use and occupation of the same premises from February 1, 1972 to October 1, 1972. The defendant's answer was a general denial, a plea of payment, and denial that the defendant was ever a tenant of the plaintiff or ever owed the plaintiff any rent.

**The evidence reported is, as follows:**

A prior action for summary judgment had been heard and determined by the Superior Court involving the same parties and the same premises. The Superior Court found for the plaintiff for possession and for use and occupation for the premises in question from March of 1970 to February 1, 1972 in a specified amount. The Superior Court judge specifically found ". . . On March 21, 1970, the plaintiff acquired title to the property in question by purchase (a ten unit apartment building) and the defendant (wife of the seller) has refused on demand of the plaintiff to surrender possession to the plaintiff Apartment No. 4 of said property. The defendant occupies said apartment under right, if any, of the seller. The defendant's husband left her in 1963, at which time he ceased to occupy the apartment."

Specific requests for findings submitted by the defendant in the Superior Court and granted by the Superior Court justice were introduced in evidence. In material part these granted requests stated that no relationship

of landlord and tenant ever existed between the plaintiff and defendant or between the defendant and the plaintiff's predecessor in title, and that the plaintiff's notice of demand to the defendant to pay rent to the plaintiff for premises occupied by the defendant was rejected by the defendant.

In addition to the findings of the Superior Court there was evidence offered at the trial in this matter showing that plaintiff purchased the property from the husband of the defendant in March of 1970. The defendant was then occupying Apartment #4 in said property and continued to occupy it until October 1, 1972. It was agreed by the parties that the fair and reasonable value for use and occupation of the apartment during the entire period was $250 per month. In July, 1972, after judgment was rendered in the Superior Court as mentioned above, an execution in the amount found due for use and occupation, plus costs, was issued, but the defendant continued to occupy the premises.

On or about September 11, 1972 counsel for the parties engaged in conversations with the approval of their clients on a proposal by the defendant that she be permitted to remain in the premises up to two months longer while she looked for another apartment. As a result of these conversations the defendant's attorney forwarded to the plaintiff's attorney a letter enclosing payment of the amount due on

execution plus a check to be applied to use and occupation by the defendant for "the next two months" in the agreed amount. The letter also requested a release of bonds filed in the Superior Court case and a release of certain attachments.

On September 21, 1972 counsel for the plaintiff sent letters to the defendant and the defendant's attorneys asserting a claim for rent for the period commencing February 1, 1972 and specifying certain conditions for continued occupancy from the premises by the defendant.

On September 23, 1972 the plaintiff entered the apartment occupied by the defendant in the absence of the defendant and caused the lock of the door of the apartment to be changed. At that time she left a notice stating that she entered to secure possession of her property pursuant to the Superior Court order she held for possession and that she had given the defendant "all consideration possible to make an amiable rent agreement that has not been agreed upon . . . ." She also referred to the defendant's alleged failure to allow her access to the apartment to show to other prospective tenants or to inspect the premises.

The defendant ultimately vacated the premises on October 1, 1972. When the $500 check referred to above was deposited by the plaintiff on October 2, 1972 it was returned to her with a notice that payment had been stopped

thereon. On October 5, 1972 the plaintiff wrote to the defendant and asserted her claim in the amount of $2,000 for use and occupancy from February 1, 1972 to October 1, 1972.

The court ruled on these facts that there was no evidence from which a finding could be made that at any time between *February 1, 1972 and the date of the conversations between the plaintiff's and defendant's attorneys in September of 1972* did the defendant occupy the premises with the consent of the plaintiff or under any contractual arrangement, express or implied, which might be deemed to have created a relationship of landlord and tenant between them with the exception of the inference which might be drawn from the previous Superior Court judgment. The court found as a fact that at no time prior to September 11, 1972, and subsequent to February 1, 1972, did the defendant occupy the premises in question with the permission of the plaintiff or under any contract, express or implied, that created the relationship of landlord and tenant between the parties or between the defendant and any predecessor in title of the plaintiff.

On the basis of that finding of fact the court ruled that, in view of long standing precedent, no recovery may be had for use and occupation where the premises are not occupied with the permission of the owner under any contract, express or implied, which created

the relationship of tenant and landlord between the occupant and the owner or the owner's predecessor in title. The court did find and rule that the plaintiff was entitled to recover for use and occupation at the rate of $250 per month for a period commencing September 11, 1972 and ending October 1, 1972, in an amount equal to $166.67 with interest from October 1, 1972 to the date of the writ. And the court found for the defendant on Count I.[1]

The court denied requests numbered 3, 4, 5 and 6 of the plaintiff's rulings of law in the following terms:

"3. On all the evidence the court should find that the agreed amount of rent was $250 per month for the period occupied. Court: Denied. It was agreed that fair value of use of the premises was $250 per month.

"4. On all the evidence the court should find the defendant has paid rent up to February, 1972.

Court: Denied if rent is used in technical sense.

"5. On all the evidence the court should find that the defendant owes rent from February, 1972 to October 1, 1972. Court: Denied.

"6. On all the evidence the court should

---

[1] An apparent typographical error in the report states that the court found for the defendant on Count II.

find that the defendant owes $2,000 for rent to October 1, 1972. Court: Denied.''

In ruling that no recovery could be had for use and occupation unless it was shown that the premises were occupied with the permission of the owner under a contract, express or implied, which created a relationship of tenant and landlord between the occupant and owner, the court cited *Merrill* v. *Bulloch*, 105 Mass. 486, 493; *Central Mills Co.* v. *Hart*, 124 Mass. 123, 124-126; *Sellers* v. *Frank*, 213 Mass. 298, 301. These cases fully support the rule of law announced and there was no error in so ruling.

Great reliance is placed by the plaintiff on the Superior Court finding of fact and judgment in the prior summary process case between the parties which covered the period up to February 1972. It is true that the judge of the Superior Court, in finding for the plaintiff, must necessarily have found, presumably on all the evidence which was introduced at that trial relating to a period prior to the decision in that case, that use and occupation by the defendant was with the permission of the plaintiff prior to February 1972 and under an implied contract that created between them the relationship of landlord and tenant as a matter of law. *Sellers* v. *Frank*, 213 Mass. 298, 301. The express finding of the Superior Court judge that no relationship of landlord and tenant ever existed between them can be interpreted in the context of the other facts

found by that court, that no express relationship of landlord and tenant ever existed.

 But even the existence of such a relationship prior to the entry of the Superior Court judgment is not sufficient evidence upon which it could be found that the consent of the plaintiff to the defendant's occupancy continued thereafter. There was no other evidence reported upon which the court could find that the relationship of landlord and tenant existed or that the defendant was occupying the premises with the permission of the plaintiff under a contract express or implied. Indeed it appears the judge would have been justified on the evidence reported in specifically finding that the defendant was a mere trespasser during the period of time from February 1972 to September 11, 1972, and as such would be under no obligation to pay rent. The difficult aspect of this case is the hardship on the plaintiff who is unable to recover the reasonable value of the premises held by the defendant without apparent right. This harsh result could have been avoided, however, if the plaintiff had brought an alternative count in tort for trespass. See e.g. *Boston* v. *Binney,* 11 Pick. 1, 9. Under our present system of pleading she cannot recover on these pleadings.

In particular, the court did not err in denying request for rule #3 because the evidence did not compel the court to find that rent for the period in question had been agreed

upon at $250 per month. Similarly, denial of request #4 was correct since the Superior Court did not find that the defendant owed "rent" for the period up to 1972, but rather owed a sum for use and occupation. Requested rulings #5 and #6 were also properly denied on the ground discussed above.

For the foregoing reasons there was no error and the report should be dismissed. **Report dismissed.**

FRANK KIPP
 for the Plaintiff

LEONARD E. RAE
 for the Defendant