### William Morse *vs.* Isaac Merritt.

A mortgagee cannot sue the mortgagor for use and occupation of the mortgaged premises subsequent to an entry to foreclose, if the foreclosure has been completed, and the premises at the time of such completion were worth more than the debt and interest secured by the mortgage.

CONTRACT for the use and occupation of land in Easton. Writ dated October 20, 1870. Trial in the Superior Court, before *Dewey,* J., who, by consent of parties, made a report of the case substantially as follows:

On May 2, 1863, the defendant gave to the plaintiff a mortgage on the land in question, which was occupied by the defendant, to secure the payment of his promissory note for $800, payable in three years from date, with interest payable semi-annually

On January 12, 1865, no interest having been paid on the note, the plaintiff made an open and peaceable entry upon the land to foreclose the mortgage in the presence of witnesses, and a certificate of the entry was duly recorded.

A few days after the entry the plaintiff notified the defendant, who knew that the entry had been made, that he must pay to him $200 a year rent for the land; the defendant refused; and no agreement was made as to payment of rent.

The defendant continued in the occupation of the land till March 1871, never having made any payment of rent nor on the mortgage note, and on January 10, 1868, he filed a bill in equity against the plaintiff for the redemption of the land from the mortgage, and upon January 7, 1871, a decree was entered on this bill allowing him to redeem, by the payment to the plaintiff of $1092.66, being the amount of the note and interest, and the costs, within sixty days, otherwise his right to be foreclosed. The defendant made no payment, and at the end of the sixty days removed from the premises, which were soon after sold and conveyed by the plaintiff to one Marshall for a sum somewhat exceeding the amount of the principal and interest of the note. The plaintiff claimed to recover, upon the foregoing facts, for the use and occupation of the land from January 12, 1865, to the date of the writ. It was agreed that the land was worth not less than $1500, and that $125 a year would be a proper rent.

If the plaintiff was entitled to recover, judgment to be entered for him for the sum of $722.25 and interest from the date of the writ, unless he was entitled to recover for a portion but not the whole of said time, in which case judgment to be entered accordingly; if he was not entitled to recover upon the foregoing facts, judgment to be entered for the defendant; the questions of law arising in the case were reported for the consideration of this court.

*J. Brown,* for the plaintiff.

*C. A. Reed,* for the defendant.

WELLS, J. Whether in the absence of any agreement for payment of rent, a mortgagee, after entry to foreclose, may maintain an action against his mortgagor for use and occupation, was not

decided in *Merrill* v. *Bullock*, 105 Mass. 486 ; and although made the principal subject of discussion in this case, we prefer to decide it upon other grounds.

All the rent claimed here stands upon the same footing ; for although three years after entry and notice of foreclosure expired within the period covered by the claim, yet the pendency of a bill to redeem, resulting subsequently in a decree therefor, prevented the foreclosure from being complete until the expiration of the time for redemption allowed by the decree ; when the defendant left the premises.

Assuming that such an action would lie, still the recovery would be had to the use of the parties according to their several interests. So long as any part of the mortgage debt remained due, the mortgagee would take the rents recovered, in trust to account for and apply towards its payment. Whenever the entire debt was paid, either from the rents or otherwise, the mortgagee could recover only for the use of the mortgagor, Gen. Sts. *c.* 140, § 30 ; and if the mortgagor himself was tenant of the land and defendant in the suit for rent, any further maintenance of it would result only in circuity of action. His right to the proceeds of the suit therefore prevents its prosecution against him.

A foreclosure of the mortgage, completed, is payment of the mortgage debt, in contemplation of law, to the extent of the value of the land at that time. If the mortgagee is not satisfied with it, he may recover any deficiency. But in such case the foreclosure is reopened, Gen. Sts. *c.* 140, § 36. A foreclosure would not, of itself, prevent recovery of rents previously due from the mortgagor. But such a recovery, against him, would be held to operate, like a recovery of part of the mortgage debt specifically, to open the foreclosure. Perhaps, in a suit for rents, it might not be necessary for the plaintiff to show affirmatively that the land was insufficient in value for the full payment of the mortgage debt. The mortgagor's rights would all be secured by the opportunity to redeem, thus afforded him. In this case, however, it appears by the report that, at the time of the completed foreclosure, the value of the estate was greater than the whole sum due to the mortgagee ; and that the mortgagee has sold and conveyed the

estate; so that he ought to be precluded from opening the foreclosure, or denying the sufficiency of the payment. The amount due to him upon his mortgage was ascertained by the decree upon the bill to redeem. No deduction was then made on account of the sums which he now seeks to recover. If they had been collected when they became due, as is claimed, the amount required for redemption by the decree would have been reduced by so much. He can have no better right now to collect it for his own use, without applying it to the relief of the mortgage, than he had before the foreclosure. To give full effect therefore to all the rights of both parties in respect to a claim of this nature, we think it ought to be treated as a suit to recover a part of the mortgage debt, " on the ground that the value of the mortgaged premises, at the time of the foreclosure, was less than the sum due." As such a suit, the facts reported show no ground for its maintenance; but, on the contrary, that there should be

*Judgment for the defendant.*