JAMES S. JORDAN *vs.* CALVIN RECORD.

Androscoggin.   Opinion May 29, 1879.*

*Writ of Entry.   Fee and Fee-Simple.   Estate.   Declaration.*

The word "fee" without any adjunct or limitation describes the same quantity of estate as the term "fee simple." When the plaintiff in a real action demands possession of a parcel of land with the buildings thereon, giving a proper description by metes and bounds, and duly alleging that he was seized thereof in his demesne as of fee and in mortgage within twenty years last past, and was disseized by the defendant, his declaration is not bad on demurrer under the statute requiring him to "set forth the estate he claims in the premises whether in fee simple, fee tail, for life, or for years."

ON EXCEPTIONS.

WRIT OF ENTRY. The only question raised was the sufficiency of the following declaration: "Wherein the plaintiff demands against the said Calvin Record the possession of the following described real estate situate in Auburn in said county of Androscoggin and bounded and described as follows, to wit: a certain lot or parcel of land and the buildings thereon standing, bounded on the north by Academy street, in said Auburn; on the east by the Fuller lot (formerly Stephen Rowe lot); on the south and westerly side by a ravine owned by James Woodbury. Whereupon the plaintiff says that the said Calvin Record, being seized of the demanded premises in his demesne as of fee, on the twen-

*Came into hands of the reporter July 23, 1880.

tieth day of March, in the year of our Lord one thousand eight hundred and sixty-eight, at Auburn aforesaid, by his deed of bargain and sale and of mortgage, of that date, duly acknowledged, registered and in court to be produced, for a valuable consideration therein expressed, conveyed the demanded premises to the plaintiff to hold the same to him and his heirs in fee and in mortgage; by force whereof the plaintiff became seized of the demanded premises in his demesne as of fee and in mortgage within twenty years last past, and ought now to be in quiet possession thereof; but the said Calvin Record hath since unjustly entered and holds the plaintiff out, and hath disseized the plaintiff of said premises within twenty years last past ; to the damage," etc.

In answer, the defendant filed a demurrer, assigning as cause, "that the plaintiff hath not in, or by, his said declaration, 'set forth the estate he claims in the premises, whether in fee simple, or fee tail,' as required by the statute, nor whether the alleged deed conveyed an estate in fee simple, or fee tail and in mortgage."

The presiding justice overruled the demurrer, adjudged the declaration good, and the defendant alleged exceptions.

*L. H. Hutchinson, A. R. Savage & F. D. Hale,* for the plaintiff.

*C. Record,* for the defendant, cited R. S., c. 104, § 3. *Wyman* v. *Brown,* 50 Maine, 139.

This is not mere matter of form, but of substance ; otherwise, the statute would not have required the plaintiff to set forth in his declaration the precise nature and extent of his claim in the estate he demands possession of. The statute requires him to "set forth the estate which the plaintiff claims in the premises, whether in fee simple, fee tail, for life, or for years." It is just that the plaintiff should have judgment for no greater estate than his deed entitles him to, and this should be accurately set forth in his declaration.

BARROWS, J. The defendant seeks to sustain his demurrer by a distinction too subtle to be admitted. It is true the statute requires the demandant to "set forth the estate he claims in the premises, whether in fee simple, fee tail, for life or for years ;" and failing to do this his declaration would be fatally defective.

But the terms "fee" and "fee simple" are used indifferently by the best law-writers to express the same quantity of estate.

Thus, 2 Blackstone Com. 104-106: "Tenant in fee simple (or, as he is frequently styled, tenant in fee) is he that hath lands, tenements, or hereditaments, to hold to him and his heirs forever, generally, absolutely and simply; without mentioning what heirs, but referring that to his own pleasure, or to the disposition of the law. . . . And hence it is that, in the most solemn acts of law, we express the strongest and highest estate that any subject can have, by these words: 'he is seized thereof in his demesne as of fee.' "

"A fee therefore, in general, signifies an estate of inheritance; being the highest and most extensive interest that a man can have in a feud; and when the term is used simply, without any other adjunct or has the adjunct of simple annexed to it (as a fee, or a fee simple), it is used in contradistinction to a fee conditional at the common law, or a fee tail by the statute;" etc., etc.

"Where the term 'simple' is applied, it means no more than 'fee' when standing by itself, as understood in respect to modern estates." Washburn R. E., 1st ed. 51.

And so are all the precedents of declarations. American Precedents, ed. 1802, p. 292, *et seq.* Oliver's Precedents, 4th ed. 806-811.

*Exceptions overruled.*

APPLETON, C. J., WALTON, VIRGIN and LIBBEY, JJ., concurred.