ROSCOE PERLEY *vs*. EDWARD C. CHASE and another.

Cumberland. Opinion November 29, 1887.

*Mortgage. Rights of mortgagor in possessions after foreclosure.*

A mortgagor of land, who simply continues in possession after foreclosure and his right of redemption has expired, has no right to cut and sell the hay.

On exceptions from superior court.

The opinion states the case and material facts.

*Frank and Larrabee*, for plaintiff.

The instructions of the presiding judge as to the right of a mortgagor in possession, undisturbed, to the crops when harvested, were correct. *Vide, Teal* v. *Walker*, 111 U. S. 242, and cases therein cited; *Noyes* v. *Rich*, 52 Maine, 115; *Wilder* v. *Houghton*, 1 Pick. 87; *Boston Bank* v. *Reed*, 8 Pick. 459; Taylor's Landlord and Tenant, § 64; 1 Jones on Mortgages, § § 667, 670, 672; *Tucker* v. *Keeler*, 4 Vt. 161.

*George M. Seiders*, for defendants, cited: 2 B. & A. 604; 2 Sharswood's Bl. 149, n. 14; *Gillman* v. *Wills*, 66 Maine, 275; *Reed* v. *Elwell*, 46 Maine, 270; 1 Cruise's Digest, 263; 1 Wash. R. P. § 102, and cases cited; *Betts* v. *Lee*, 5 Johns. 348; *Silsbury* v. *McCoon*, 4 Denio, 332; *Stephenson* v. *Thayer*, 63 Maine, 143.

VIRGIN, J.   Assumpsit for the stipulated price of a certain quantity of hay which the plaintiff sold and delivered to the defendants in the spring of 1886.

The hay was cut and harvested by the plaintiff in the haying season of 1885, on land once held by him as mortgagor, and which he continued to occupy until after the sale and delivery of the hay, although his right to redeem the premises on which it grew had been forever foreclosed in March, previous to the cutting.   After the delivery to the defendants, they were forbidden by the holder of the foreclosed mortgage to pay any person other than himself, he claiming title thereto.

One of the disputed questions of fact at the trial was, whether the plaintiff, when he commenced to cut the hay, at some place other than the farm on which it grew, agreed with the holder of the mortgage to cut it for him at a stipulated price.

The judge instructed the jury, in substance, that when the mortgagee simply allows the mortgagor to continue in possession after the right of redemption has expired, then the mortgagor while thus in possession, in the absence of any agreement to the

contrary and of any taking possession by the mortgagee, has the right to gather the annual crops and dispose of them as he sees fit. . . . But if before the hay was cut, the plaintiff agreed that it should belong to the holder of the mortgage, or if he agreed to cut it for him, or if the holder of the mortgage claimed it and the plaintiff acceded to the claim and cut it in pursuance thereof, then it became the property of the holder of the mortgage.

The jury found for the plaintiff, and the defendants challenge the soundness of the ruling.

Eliminate the fact of foreclosure from the instruction, and the defendants could not be aggrieved ; for the authorities generally concur in holding that, so long as the mortgagor is allowed to remain in possession without an entry by the mortgagee, although there has been a breach of the condition of the mortgage, the mortgagor is entitled to receive the rents and profits to his own use, and is not liable to account therefor to the mortgagee. *Noyes* v. *Rich,* 52 Maine, 115 ; *Teal* v. *Walker,* 111 U. S. 249–50.

But this proposition, unlike the instruction complained of, is predicated of a subsisting mortgage and of the consequent relation of mortgagor and mortgagee — before foreclosure. For when the foreclosure becomes perfected, the mortgage, if the premises are of sufficient value, thereby becomes paid, (*Hurd* v. *Coleman,* 42 Maine, 182 ; *Morse* v. *Merritt,* 110 Mass. 458) ceases to exist, and the title of the mortgagor becomes extinguished, leaving the title in the mortgagee absolute and indefeasible. "Until foreclosure, or possession taken by the mortgagee," (says Jones, Mort. § 697) "the mortgagor is entitled to emblements," implying that after the happening of either foreclosure or possession by the mortgagee, the emblements belong to the latter. 1 Washb. R. P. 120, § 21, and cases there cited.

As before seen, when the right of redemption has become "forever foreclosed," the relation formerly existing has become extinguished ; and if without any agreement, express or implied, the former mortgagor continues in possession after the determination of the particular estate by which he originally gained it, he thereby brings himself within the definition of a tenant at

sufferance. 4 Kent's Com. 116; 1 Thos. Co. Litt. 650; 2 Black. Com. 150; 1 Washb. R. P. 534, § 2; *Livingston* v. *Tanner*, 12 Barb. 484. And if a tenant at sufferance, he is not entitled to emblements. *Bennett* v. *Turner*, 7 M. & W. 226; 1 Washb. R. P. 121, § 4. And if he were, emblements do not include the grass which is not an annual crop. 1 Washb. R. P. 119, § 4.

But if we take the view which is the most favorable to the plaintiff — that inasmuch as the plaintiff was allowed to continue in possession for more than one year after the foreclosure had become absolute, and to cultivate and harvest the crops for the season of 1885, and that (as suggested by PARKE, B., in *Bennett* v. *Turner, supra*) " slight evidence would probably satisfy a jury that a tenancy by sufferance, in which the tenant is not entitled to the fruits of his own industry, as he has no right to emblements, would not long be continued;" and that a tenancy at will might be inferred by a jury from the acts of the parties,— still, the plaintiff would not then be entitled to the hay, it being no part of the annual crops. Or, if we adopt the view of the court in *Allen* v. *Carpenter*, 15 Mich. 38, and hold that where a purchaser under a foreclosure sale suffered the mortgagor to occupy the premises without interruption for three months, and in the mean time to go on and manage the premises and plant crops, he had a right to claim them as emblements, still, he would gain no right to sell the hay off from the land.

In the absence of any express or implied agreement for holding over, the plaintiff has no reason to complain, for he pays no equivalent by way of rent. He has taken the crops which he raised and no question is raised as to them.

*Exceptions sustained.*

PETERS, C. J., WALTON, LIBBEY, FOSTER and HASKELL, JJ., concurred.