J. B. ANDREWS and G. C. FARTHING v. A. J. RIGSBEE and J. S. MANNING.

*Judge's Charge—Evidence.*

In an action to recover the value of certain bricks alleged to have been wrongfully converted by the defendant, the pleadings raised an issue as to the plaintiffs' title to the bricks, and, on the trial, there was evidence tending to show that the defendant declared that it was immaterial to him to whom he delivered or paid for the bricks: *Held*, that, while this declaration was evidence proper to be submitted to the jury, it was error to instruct the jury that, if they found as a fact that such a declaration was made, they should find the issue in favor of the plaintiff.

This is a CIVIL ACTION, which was tried before *Bynum, J.*, at March Term, 1889, of DURHAM Superior Court.

The complaint alleged, in substance, that the plaintiff Andrews and the defendants, in the month of March, 1887, entered into a written contract, in which it was provided that Andrews should manufacture brick at a certain place, the defendants furnishing necessary funds and fuel, and that he (Andrews) was to be entitled to a portion of the bricks so manufactured; that, subsequently, he executed to his co-plaintiff a chattel mortgage, to secure advances of money, upon his share of the bricks, and that the defendants wrongfully took and converted Andrews' share to their own use.

The answer denied the material allegations in the complaint, and, specially, that Andrews ever acquired title to the bricks claimed by him, and which he had attempted to convey by the mortgage. They also further alleged that the plaintiff Farthing took his mortgage with notice that Andrews had not complied with his contract, and thereby had failed to acquire title to any portion of the bricks.

The issues submitted to the jury, and their responses to them, were as follows:—

"1. Did the defendants convert to their own use the brick of the plaintiffs? Answer: Yes.

"2. If so, what damage have the plaintiffs sustained? Answer: Two hundred dollars.

"3. Did Farthing take his mortgage with notice of the contract, and that the part thereof referring to the 'second mill' was not performed? Answer: Yes."

On the trial "there was contradictory testimony between plaintiffs and defendants as to what occurred in a conversation between plaintiff Farthing and defendant Manning in April 1887, and his Honor charged the jury that if they believed Manning read to Farthing the contract set out as part of the complaint, and said to him, 'I do not care whom I deliver Andrews' brick to, or to whom I pay the money for his

brick; it is immaterial to me whether they are delivered or paid for to you or to Andrews,' then the jury should answer the first issue, Yes."

To this charge defendants excepted, and from a verdict and judgment thereon against them they appealed.

No counsel for the plaintiffs.
*Mr. W. W. Fuller,* for the defendants.

MERRIMON, C. J.    The pleadings put in issue whether or not the plaintiffs had any brick, as alleged by them, and the evidence of ownership, was more or less in conflict. Although Manning may have said to the plaintiff Farthing, "I do not care whom I deliver Andrews' brick to, or to whom I pay the money for his brick. It is immaterial to me whether they are delivered or paid for to you or Andrews," it did not follow, as a necessary consequence, that the jury should respond to the first issue "Yes," because the conflicting evidence before the jury might, but for the instruction of the Court, have led them to conclude and find that the plaintiffs did not own the brick in controversy. The evidence was perhaps strong, but not conclusive evidence of the ownership of the brick, as the Court seems to have supposed.

The agreement in writing read to Farthing was no more than some evidence—it was not conclusive. The defendants expressly denied in their answer that the plaintiff Andrews had complied with its material terms, or had made or owned any brick under or by virtue of it.

The defendants are entitled to a new trial, and we so adjudge.

                                        Error.