WALTER H. McFARLAND *vs.* LEOLA L. STEWART.

Cumberland.   Opinion, December 2, 1946.

*Arthur Chapman, Jr.,* for plaintiff.

*Jacobson and Jacobson,* for defendant.

SITTING: THAXTER, MURCHIE, TOMPKINS, FELLOWS, JJ. AND MANSER, ACTIVE RETIRED JUSTICE.

MURCHIE, J. The issue which the defendant in this case brings forward on exceptions involves the negligible sum of $15 but a principle of law which would be of considerable importance under any circumstances and is made increasingly so because tenancies of real estate are subject to a governmental control that may continue tenants in possession against the will of the owner of the property they occupy for substantial if not indeterminate periods. Baldly stated that issue is whether a tenant at sufferance may occupy property free of charge.

The case presents the unusual if not the unique situation of having been tried, i. e. submitted to the Court below, on an *oral* agreed statement of facts. Under those circumstances surely neither party can assert the claim that the facts are not exactly as the Justice who decided the case without the intervention of a jury declared them. The right of exceptions on questions of law was reserved to the parties so that the issue as to whether the proper law has been applied to those facts is squarely presented.

The facts are that the defendant occupied a tenement prior to November 30, 1945 as the tenant at will of the plaintiff and that her estate was terminated on that day by a notice meeting the requirements of R. S. 1944, Chap. 109, Sec. 2. The defendant tendered the plaintiff an amount equal to a month's rent (according to the terms of the former tenancy) on the day following. Acceptance of it would have created a new tenancy at will, which the plaintiff declined to do. He took no action to eject the defendant either physically (without force) or by legal proceedings but relied on her declared willingness to get out as soon as she could. She vacated the property on December 15, 1945. The agreed facts include a stipulation that if the defendant is liable to pay the plaintiff for the use and occupation of the premises for fifteen days the measure of value of that use and occupation is that for which the judgment was rendered. The decision is grounded in a ruling that the defendant became a tenant at sufferance of the plaintiff at the

expiration of her tenancy at will and a finding that her holding over was by permission of the plaintiff.

The questions of law to be resolved are three: whether a tenant at will holding over after his tenancy is terminated by notice becomes a tenant at sufferance; whether a tenant at sufferance becomes a tenant at will against the wishes of the owner of the property he occupies by the lapse of fifteen days; and whether a tenant at sufferance is holden to pay the owner of the property he occupies whatever may fairly measure the value of his use and occupation on the basis of an implied contract.

There can be no doubt on the first question. A tenant at will holding over after his tenancy is terminated becomes a tenant at sufferance whether the termination results by reason of notice from his landlord (as in the present case), *Robinson* v. *Deering et al.,* 56 Me., 357, or by the alienation of his landlord's title, *Esty* v. *Baker,* 50 Me., 325, 79 Am. Dec., 616; *Sweeney* v. *Dahl,* 140 Me., 133, 34 A., 2d, 673, 151 A. L. R., 356. An estate at sufferance has been recognized in law from the earliest times. Quoting the substance rather than the language of Blackstone's definition of it, such an estate represents the interest of a tenant who having acquired possession rightfully by permission of the owner continues in possession after the expiration of the period to which he was entitled. 2 Blackstone's Commentaries, 150.

The second question is equally free from doubt on the particular facts, which show plaintiff's refusal to create a new tenancy at will by accepting rent from the defendant. This is not to say that such a tenancy may not be created by the lapse of time. *Perley* v. *Chase et al.,* 79 Me., 519, 11 A., 418, indicates that a mortgagor continuing in possession after the right of redemption has been foreclosed becomes a tenant at sufferance of the mortgagee in the first instance but that his mere retention of possession, which in that case was for more than a full year, would authorize the inference that he had become a tenant at

will. This is in line with the declaration of Chief Justice Shaw in *Howard* v. *Merriam,* 5 Cush., 563 at 571, that a tenancy at will results when a landlord permits a tenant at sufferance to remain in possession and that this is the case *"especially if he receives rent of him"* (the emphasis is supplied here). That case is quoted in *Dunning* v. *Finson,* 46 Me., 546, where an English case is cited as supporting the principle that a permissive occupancy constitutes a tenancy at will. *Doe* v. *Wood,* 14 M. & W., 682.

It cannot be said under our law however that an owner of property who terminates a tenancy at will by notice creates a new one by inaction for fifteen days after the expiration of his notice. The statute authorizing the use of the process of forcible entry and detainer, R. S. 1944, Chap. 109, Sec. 1, recites that the process is available in some cases only "if commenced within 7 days from the expiration on forfeiture of the term." That this limitation is not applicable to tenancies at will terminated by notice has already been declared in *Dunning* v. *Finson* (46 Me., 546) and *Gilbert* v. *Gerrity,* 108 Me., 258, 80 A., 704. In the earlier of these cases Mr. Justice Kent reviewed legislation dealing with forcible entry and detainer prior to the statutory revision of 1857 and declared the process available in three cases: against (1) disseisors, (2) tenants or sub-tenants holding under written leases or contracts at the expiration or forfeiture of their terms, and (3) tenants at will whose tenancies had been terminated under the statute. As to the second group he particularly stated that it was available without notice "if instituted in seven days after the expiration or forfeiture." The case was submitted to the Court on report. The facts as set forth by the reporter indicate that the plaintiff served a notice on the defendant in April (the exact date is not given) and commenced the action on the 16th day of July following. Of similar effect is the declaration made by Chief Justice Emery in *Gilbert* v. *Gerrity* (108 Me., 258, 80 A., 704). He described the number of cases served by

the statute as four, separating Judge Kent's second classification into instances of expiration on the one hand and forfeiture on the other. As to both he reiterated that the "process must be commenced within seven days." No such statement has been made in this Court with reference to tenancies at will. To hold that a landlord who has terminated a tenancy at will by notice must institute legal proceedings to eject his former tenant, or use force for the purpose, within a week under penalty of having a new one created by inaction would compel unnecessary litigation. No argument based on sound reason can support the theory that a property owner must throw out a tenant at sufferance by physical force today who is willing to leave peaceably tomorrow or that he must place the burden of litigation expense upon himself and that tenant under those circumstances. The decision in *Perley* v. *Chase* (79 Me., 519, 11 A., 418) indicates that his consent to the creation of a new tenancy at will may be implied by long inaction. The reference to *Howard* v. *Merriam* (5 Cush., 563) in *Dunning* v. *Finson* (46 Me., 546) makes it apparent that the acceptance of rent after the close of a tenancy at will may create another but neither case discloses a situation where the former tenant attempted to secure that result by the payment of rent and had his tender refused. The action of a landlord in permitting a former tenant to remain on premises undisturbed for fifteen days in reliance on an undertaking to vacate as soon as possible does not change an estate at sufferance to an estate of greater dignity.

The remaining question relates only to the issue whether a tenant at sufferance may occupy property without paying a fair price for his use and occupation. The mere statement of it would seem to provide an answer but counsel for the defendant argues seriously that it became established law long since that a tenant at sufferance is not liable to pay the owner of the property he occupies either a fixed rental or the money value of his use and occupation. Obviously he is not required

to pay rent as such for rent is fixed by the mutual agreement of a landlord and his tenant holding under some estate greater than one at sufferance. *Cunningham* v. *Holton*, 55 Me., 33. The defendant cites us to this case, as to *Porter* v. *Hooper et al.*, 11 Me., 170, and *Wheeler* v. *Wood*, 25 Me., 287 (the latter of which has no bearing on the present problem but decides merely that in 1845 forcible entry process was not available against a tenant at sufferance). In *Rogers* v. *Libbey*, 35 Me., 200, as in *Howe* v. *Russell*, 41 Me., 446, it was decided that assumpsit for use and occupation did not lie except by some contract between the parties, express or implied. In these cases, as in *Porter* v. *Hooper et al.* (11 Me., 170), the facts disclose that the parties defendant had never recognized the title of the parties plaintiff. The exact opposite is true in this case. The defendant occupied the property on November 30, 1945, and prior thereto, as a tenant at will of the plaintiff. She continued in possession thereafter by virtue of her continued recognition of the plaintiff's title and her declared willingness to vacate promptly. It would be difficult to conceive circumstances which would imply a promise to pay whatever equity and good conscience might require more clearly than those here presented. *Cunningham* v. *Holton* (55 Me., 33), recognizes that where an occupation is tortious the tort may be waived and assumpsit for use and occupation maintained. Several decisions of the Massachusetts Court declare expressly that while a tenant at sufferance is not liable to pay rent as such, he is liable for his use and occupation on an implied contract. *Merrill* v. *Bullock*, 105 Mass., 486; *Emmons* v. *Scudder et al.*, 115 Mass., 367; *Benton et al.* v. *Williams*, 202 Mass., 189, 88 N. E., 843. The defendant makes point of the fact that a Massachusetts statute provides expressly that a tenant at sufferance shall be liable to pay "rent." Ann. Laws, Chap. 186, Sec. 3. A footnote to this statutory provision states that at common law such a tenant was not liable to pay rent but was liable on an implied contract for use and occupation. Such was

declared the law of England by Chief Justice Wilde in 1810. His statement in *Bayley* v. *Bradley*, 5 Com. Bench 396, was:

> "the plaintiff had a right to treat the defendant as a tenant at sufferance . . . for the period he held on after the expiration of the lease, and to sue him for use and occupation in respect thereof."

Trifling support for the contention of the defendant can be found in Taylor's Landlord and Tenant, Sec. 4, Par. 64, and in the opening language of the opinion of Mr. Justice Gray in *Merrill* v. *Bullock* (105 Mass., 486), where it is said that a tenant at sufferance is not liable to pay rent:

> "because it was the folly of the owners to suffer them to continue in possession after the determination of the preceding estate."

Granting recognition to that principle the case declared that such a tenant was liable for use and occupation on an implied contract. Such is the case here. The decision below was correct.

*Exceptions overruled.*