BERNARD M. WILLIAMS, ET AL.
*vs.*
STATE HIGHWAY COMMISSION OF
THE STATE OF MAINE

Somerset.    Opinion, June 27, 1961.

*Carl R. Wright,* for plaintiff.

*Charles P. Nelson,*
*L. Smith Dunnack,* for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, DUBORD, SIDDALL, JJ.

OPINION: SULLIVAN, J.

SULLIVAN, J.   On appeal of the defendant from part of a judgment under *Rule 73, Maine Rules of Civil Procedure, 155 Me. 574.*

The State Highway Commission by eminent domain had taken the real estate of the plaintiffs on June 20, A. D. 1958. *R. S., c. 23, § 21.* A joint board had determined the damages caused by such taking. From that decision plaintiffs had appealed to the Superior Court where plaintiffs secured a judgment including an award of interest from June 20, A. D. 1958, the date of condemnation, to June 2, A. D. 1960, the day of the jury verdict.

The plaintiffs from June 20, A. D. 1958 to June 2, A. D. 1960 had uninterruptedly enjoyed possession and use of the real estate expropriated and all income therefrom. The structures upon the land consisted of a large portion of a store, a gasoline station and a "Dairy Treat". Defendant protests that in addition to such advantages the plaintiffs were not entitled to interest upon the value of the property taken and by this appeal defendant seeks to vindicate the rectitude of that contention.

In application of *Article I, Section 21 of the Constitution of Maine* the Legislature enacted *R. S., c. 23, § 20* which provides that the State Highway Commission may take over and hold for the State real estate to effect state and state aid highways.

*R. S., c. 23, § 21* defines the condemnatory process. The Commission determines the public exigency and causes the property to be surveyed, described and a plan of it drafted. The description is recorded in the local registry of deeds, a print of the plan filed in the office of the County Commissioners, a newspaper notice is published and mortgagees of record are informed by registered mail. After reciting the foregoing duties and injunctions *R. S., c. 23, § 21* summarily and unequivocally pronounces a legislative fiat:

> "The recording of the said description shall vest the fee of the described property in the state."

The Commission or any interested person may thereupon petition the joint board of the State Highway Commission and County Commissioners for a determination of damages with right of appeal for any party aggrieved. *R. S., c. 23, § 23; P. L., 1959, c. 317, § 8.*

Since the authoritative Legislature has so compactly and expressively disposed that the recording by the Commission vests the fee of the condemned property in the State, there can be no durable doubt of a dislocation and transposition of title. And the Legislature reaffirmed that certitude in a statutory postlude when it proceeded to adopt *R. S., c. 23, § 24*:

> "The commission may vacate any land—which have been taken—for highway purposes under the provisions of this chapter, by executing and recording a deed thereof, and such action shall *revest* the title to the lands—so vacated **in the persons,** their heirs and assigns, in whom it was vested at the time of taking, *and the value at the time of vacation may be pleaded in mitigation of damages in any proceedings therefor on account of such taking.*
>
> The governor and council on recommendation of the commission *may sell and convey on behalf of the state* the interests of the *state in property taken*—and deemed no longer necessary for the purposes hereof, and they *may lease such interests in such property pending such sale or the advantageous use of such property for highway purposes. The proceeds of such sales or leases, shall,* as far as practicable, *be credited to the fund from which payment was made for the land.*"
> (Italics ours)

*R. S., c. 23, § 24* thus treats of a *vacating* by Commission deed and of a *revesting* of the title in the former owner with a credit to the Commission at the amount of the value upon vacation in proceedings not already adjudicated as to damages for the taking. It is clearly presupposed that title

in fee has vested in the State prior to *R. S., c. 23, § 24* becoming operative. *(R. S., c. 23, § 21)*. The Legislature obviously affords such *vacating* and the resultant *revesting* as a condition subsequent. *Williston on Contracts, Vol. 3, § 667, P. 1915; Tiffany Real Property, Abr. Ed. § 133, P. 122.*

Nor is the Commission limited to vacating by a *revesting* deed but may make recommendation to the Governor and Council who may thereupon sell and convey to any purchaser, property taken and deemed no longer necessary for highway purposes. The Governor and Council may upon Commission advice lease the property pending sale or advantageous use for highway purposes.

On June 20, A. D. 1958 the State acquired full and complete ownership of the realty taken from the plaintiffs, that day. *Jordan* v. *Record, 70 Me. 529, 531.* All incidents of proprietorship such as entry, use, occupation, rents and profits thus inured at once to the condemner. The State became entitled forthwith to institute against the plaintiffs a possessory action. *R. S., c. 172; P. L., 1959, c. 317, § 311 ff.; Rule 80A (a), (b), (c), M.R.C.P., 155 Me. 590.* The plaintiffs had become tenants at sufferance, *Cunningham* v. *Holton, 55 Me. 33, 37,* and were chargeable thereafter for use and occupation. *McFarland* v. *Stewart, 142 Me. 265.*

Correlatively the plaintiffs on June 20, A. D. 1958 had become divested of their title in their property and had accordingly, with the statute of limitations, *R. S., c. 112, § 113,* already running, become competent to petition for a determination of their damages and to achieve remuneration. *Constitution of Maine, Article I, Section 21; R. S., c. 23, §§ 20, 21, 23.* The acts just cited are silent as to interest save as interest may be imputed by the term, damages.

> "The amount recoverable was just compensation, not inadequate compensation. The concept of just compensation is comprehensive and in-

cludes all elements, 'and no specific command to include interest is necessary when interest or its equivalent is a part of such compensation.' The owner is not limited to the value of the property at the time of the taking; 'he is entitled to such addition as will produce the full equivalent of that value paid contemporaneously with the taking.' Interest at a proper rate "is a good measure by which to ascertain the amount so to be added.' Seaboard Air Line R. Co. v. United States, 261 U. S. 299, 306. That suit was brought by the owner under § 10 of the Lever Act, which, in authorizing the President to requisition property for public use and to pay just compensation, said nothing as to interest. But the Court held that the right to just compensation could not be taken away by statute or be qualified by the omission of a provision for interest where such an allowance was appropriate in order to make the compensation adequate. See, also, United States v. Rogers, 255 U. S. 163, 169." *Jacobs* v. *United States, 290 U. S. 13, 16.*

See annotation *36 A.L.R. 2d 337, 413, 418, 246, 428, 434; Nichols on Eminent Domain 3rd ed. Vol. 3, § 8.63; Orgel on Valuation under Eminent Domain, Vol. 1, § 5;* and authorities cited. "—The true rule (of damages in eminent domain) would be, as in the case of other purchases, that the price is due and ought to be paid, at the moment the purchase is made, when credit is not specially agreed on. And if a pie-powder court could be called on the instant and on the spot, the true rule of justice for the pulbic would be, to pay the compensation with one hand, whilst they apply the axe with the other; and this rule is departed from only because some time is necessary, by the forms of law, to conduct the inquiry; *and this delay must be compensated by interest.*" (italics ours)

*Parks* v. *Boston, 15 Pick (32 Mass.) 198, 208.*

Interest was an element of or was incidental to plaintiffs' damages.

Defendant's position here is that possession and benefits therefrom to the plaintiffs, without more, precluded plaintiffs' recovery of all interest. The plaintiffs had a legitimate claim for interest during the interval when they were deprived of their property and of its monetary value. The presiding Justice was correct under the circumstances in assessing interest as he has done.

*R. S., c. 23, § 21* is an amended rendition of *R. S., 1944, c. 20, § 13* to which *P. L., 1951, c. 321, §2, Sec. 7-G* added significantly and without qualification the provision hitherto quoted:

"The recording of the said description shall vest the fee of the described property in the state."

Substantially the same sentence is contained in *R. S., c. 1, § 8*, the act authorizing Governor and Council to take land for forts, arsenals, etc. Such sentence has existed in *R. S., c. 1, § 8* and its predecessor acts backward through several statutory revisions of our laws. However, *R. S., c. 1, § 8* differs notably in its operation from *R. S., c. 23, § 21* in that in the former instance a condemnee is afforded no right to damages until the land is entered upon and possession taken for the purposes of construction or use. See, *R. S., c. 1, § 6; R. S., c. 89, §§ 38, 39, 41, 42, with amendments*. No such restriction moderates the effect of *R. S., c. 23, § 21* and that particular is very meaningful of the intention of the Legislature to render a taking under *R. S., c. 23, § 21* a summary condemnation with immediate confiscation of title and synchronized liability for compensation.

*R. S., c. 37, § 19* authorizing the taking of land for game management areas, etc. is quite the counterpart in its terms of *R. S., c. 23, §§ 20, 21, 23* but has not yet received judicial construction.

There are numerous other condemnation acts in this jurisdiction all of which we have examined. They differ

sufficiently from *R. S., c. 23, §§ 20, 21, 23* so as to be distinguishable and of slight import in the present controversy. Nor are the decided cases interpreting those other statutes applicable.

*Appeal denied.*