PORTLAND RENEWAL AUTHORITY
.*vs.*
JAMES F. REARDON AND MADELINE E. REARDON

- - - - - - - - - - - - - - - - - - -

PORTLAND RENEWAL AUTHORITY
*vs.*
MADELINE E. REARDON

Cumberland.   Opinion, January 25, 1963.

*Barnett I. Shur,*
*Herbert A. Crommett,* for Plaintiff.

*Walter G. Casey,* for Defendants.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, SIDDALL, JJ.  DUBORD, J., did not sit.

SULLIVAN, J.   These are real actions to obtain possession of land and buildings.  R. S., 1954, c. 172, §§ 1, 4, 6, 7, 8, with amendments; Maine Rules of Civil Procedure, Rule 80 A, 155 Me. 590.  These cases arise upon appeal by the Defendants.

Plaintiff is "a public body corporate and politic" created by the Legislature for the purpose of eliminating slum and blighted areas in Portland preparatory for their eventual redevelopment. P. & S. L., 1951, c. 217, as amended. Plaintiff on March 22, A. D. 1960 filed in the Registry of Deeds for Cumberland County its statutory statement taking real estate of the Defendants by eminent domain. Defendants thereafter remained in possession of the realty until March 2, 1962 when Plaintiff instituted these actions to secure possession. Defendants' answers to Plaintiffs' complaints were general denials. A pretrial conference was held and the pretrial court order rendered without challenge or objection reads pertinently as follows:

"- - - - The basic issue that these cases produce is whether or not the Plaintiff at this time is entitled to possession of the demanded premises. It is agreed and will be stipulated that the procedural requirements necessary to take the demanded premises by eminent domain have been complied with by the Plaintiff and that title, by virtue of the taking has vested in the Plaintiff. However, the Defendants do not agree that the right of possession follows title at this time, it being the Defendants' position that the act under which the land was taken carried with it the obligation on behalf of the Plaintiff to relocate the Defendants and that the right to possession of the demanded premises does not ripen until such time as the Defendants have been relocated. The Defendants argue that the act involved gives them the right of relocation. The Plaintiff, of course, disagrees with the conclusion reached by the defendants, and takes the position that the obligation of relocation is not a condition precedent to possession.

- - - - - - - - - - - - - - - - - - -

### CERTIFICATE

This report fairly reflects matters processed at pretrial conference. Objections to the report will

be filed with the Clerk immediately upon receipt of this order - - - - "

"PRETRIAL PROCEDURE; FORMULATING ISSUES

- - - - - - - - - - - - - - - - -

The court shall make an order which recites the action taken at the conference, the amendments allowed to the pleadings, and the agreements made by the parties as to any of the matters considered, and which limits the issues for trial to those not disposed of by admissions or agreements of counsel; and such order when entered controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice - - - - "
M. R. C. P., Rule 16, 155 Me. 508.

"The pre-trial conference culminates in a pre-trial order signed by the justice, and this order controls all subsequent proceedings in the case - - - - - - "
Maine Civil Practice, Field and McKusick, P. 203.

At the beginning of the court hearing in the case at bar there was this colloquy:

(Plaintiff's counsel)

"Well, if Your Honor please, under the pretrial order, as I read it, the parties have agreed that the City of Portland, or rather, the Portland Renewal Authority, has taken all of the steps necessary to complete its title under the eminent domain provisions of the statute. That being so, it is the City's contention that we have a prima facie case established by the pleadings, and that it is up to the Defendant to defeat title and right to the possession which has been agreed upon in the pretrial order.

The Court: You agree with that?

(Defense Counsel) Yes, Your Honor"

Later the Court asked:

> " - - - If the element of relocation, the aspect of relocation has nothing to do with the rights of possession then Brother Casey admits that the execution for possession should issue. I think that's a fair statement, isn't it?
>
> Mr. Casey: That's right, Your Honor."

Subsequently Defense Counsel stated:

> "We agree, if the Court please, that the City (sic) has taken the necessary steps to obtain title."

The Court stated to Defense Counsel:

> " - - - you say that because the Federal Government is putting in some money here that dislocation is an aspect of damages and that the right of possession can't accrue until those things have been considered."
>
> Defense Counsel commented: "That's right."

At the court hearing Defendants who refrained from testifying presented as witnesses personnel in the service of the Plaintiff. Those witnesses testified only of their many efforts to accomplish a condign relocation of the Defendants.

The presiding justice decided that the Plaintiff was entitled to immediate possession of the real estate as demanded and ordered judgment to that end. The essential text of his decision is as follows:

> "The above two actions, heard without a jury, seek judgment for the possession of the real estate described in the respective complaints.. It was agreed that the conditions precedent to a taking by eminent domain had been complied with by the Plaintiff in both actions - - - - It is noted that no appeal from the original takings have (sic) been prosecuted pursuant to R. S., Chapter 52, Section

17, or otherwise. We have, then, situations where the title to the demanded premises has vested in the Plaintiff, and without appeal.

The Defendants argue that 're-location' is an element of damage in these particular situations and that the right to possession cannot ripen in the absence of consideration of that element. The Plaintiff contends that 're-location' is not an element of damages, but, even assuming so, it does not prevent the maintenance of these actions no appeal having been taken from the awards of damages.

There was evidence presented, de bene, on the factual problem of whether the Plaintiff had made reasonable efforts to re-locate the Defendants - - - - -

Even if it is assumed - - - - that monetary consideration for dislocation, in addition to fair market value, is a part of damage to be awarded, it is no part of the issues here presented. As this Court views the relative position of the parties, the Defendants are in possession of property the title to which has vested, by a taking by eminent domain, in the Plaintiff. Whether or not loss because of 'dislocation' was considered when damages were awarded is not before this Court. It is true that the Defendants have not been relocated. However, this Court does not feel that physical re-location is a pre-requisite to the right of possession. If the owners of real estate in so-called 'slum clearance' areas have a right to be compensated for the economic impact of such takings, in addition to the fair market value of their property, it should be an element of the damages awarded, and not a bar to possession. In this particular case, for example, the construction of the entire project is being delayed because the Defendants refuse to vacate the premises."

P. & S. L., 1951, c. 217, as amended, is constitutional as to the clearance of the blighted area featured in the instant

case and the controversial property of the Defendants was therefore susceptible of a taking "for public purposes" in furtherance of the main purpose of the 1951 Act. *Crommett* v. *Portland,* 150 Me. 217, 235, 236.

We are constrained to infer from the pretrial order, the stipulation and admission of these Defendants and the statutory language that the 1951 Act, § 8 (b), as amended, vested in the Plaintiff the condemned real estate formerly of the Defendants "in fee simple absolute" with the right to immediate possession. *Williams* v. *Maine Highway Commission,* 157 Me. 324 through 327. The 1951 Act did not require for blighted area clearance a relocation of the Defendants as a condition precedent to the divesting of Defendants' property ownership by condemnation.

The 1951 Act, § 8 (d), provides a plenary remedy for the determination and assessment of damages in property condemnation whenever such redress is properly and formally invoked. The case at bar, however, presented exclusively the possessory issue and the presiding justice rendered a decision responsive only to that chastened issue.

Defendants appealed and predicated 16 points in reliance. It is unnecessary to restate those points, 2 of which, at least, were irrelevant. In essence the Defendants maintain that possession of the demanded premises does not follow Plaintiff's title here, without more, because physical relocation of the Defendants is a necessary and qualifying condition precedent to Plaintiff's right of possession for constitutional reasons and because of the provisions of the Federal, Urban Renewal Act. Defendants contend that the Trial Court erred in finding that Defendants' right to property compensation did not embrace an allowance for relocation.

In addition to our holdings previously stated in this opinion it should suffice to comment that the Federal Slum Clearance, Urban Renewal laws, as amended, 42 U. S. C. A.

§§ 1441 through 1462, nowhere purport to ordain that a local public body must first accomplish the physical relocation of a property owner or holder before such body becomes entitled to possession of the condemned property of such owner or holder. Nor did the Trial Court digress to make a finding that the Defendants' right of property compensation did or did not embrace an allowance for relocation of the Defendants.

There was no error in the decision or in the order of the justice below.

The mandate must be:

*Appeal denied in each case.*