**William LUCE**

v.

**CITY OF PORTLAND.**

Supreme Judicial Court of Maine.

Argued March 6, 1989.

Decided April 6, 1989.

Martin Ridge (orally), Beagle, Pearce, Feller & Ridge, Portland, for plaintiff.

David A. Lourie, Kathryn O. Sheehan (orally), Portland, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and HORNBY, JJ.

HORNBY, Justice.

The issue in this case is what event starts the appeals period running when municipal officers take property by eminent domain for highway purposes. We conclude that the 60-day period for appealing a municipality's determination of damages begins with the passage of title to the municipality, and that title passed in this case upon the recording of certain documents.

The material facts are undisputed. On November 16, 1987, the Portland City Council held a public hearing and passed an order that public exigency required it to take William Luce's property. It voted to pay him $10.00 per square foot for a total of $21,960.00. Luce was aware of this action. On November 30, 1987, the City recorded in the Cumberland County Registry of Deeds a City Clerk's certificate with an attached City Council order and a schedule of affected properties and their compensation values. On December 24, 1987, the City delivered to Luce a check for $22,-000.00. On February 12, 1988, Luce filed his appeal of the compensation award in the Superior Court. Upon the motion of the City, the Superior Court (Cumberland County; *Brennan, J.*) dismissed the appeal because of Luce's failure to file it within 60 days of the taking. We affirm.

■ Chapter 304 of Title 23 of the Maine Revised Statutes deals with municipal acquisition of property for highway purposes. Section 3029 specifies:

Any person aggrieved by the determination of the damages awarded to owners of property or interests therein under this chapter may, *within 60 days after the day of taking,* appeal to the Superior Court in the county where the property lies.

23 M.R.S.A. § 3029 (1980) (emphasis supplied). The issue is what constitutes "the day of taking" from which the 60 days run. If it is the date of delivery of the check, Luce filed his appeal in a timely manner. If, on the other hand, it is either the date of recording in the registry of deeds or the date the City Council voted, Luce loses. The term "day of taking" is nowhere defined in the statute.

The City argues that the day of taking is November 16, when the municipal officers voted that public exigency required the taking and filed with the municipal clerk their condemnation order. We see no reason, however, to deviate from ordinary usage by which "taking" connotes passage of certain ownership interests, something that did not occur on November 16. Indeed, we have repeatedly confirmed that definition of taking in our own case law, which has described the date of taking as "critical in eminent domain proceedings." *Orono–Veazie Water District v. Penobscot County Water Company,* 348 A.2d 249, 253 (Me.1975). In *Williams v. Maine Highway Commission,* 157 Me. 324, 172 A.2d 625 (1961), we described it as the date the condemnees "had become divested of the title to their property" and all the " 'incidents of proprietorship ... inured at once to the condemner....' " *Orono–Veazie,* 348 A.2d at 253 (characterizing and quoting our earlier holding in *Williams* ). In the statute under consideration in *Williams,* that was the date of recording. In *Orono–Veazie,* we described the date of taking as the date when title became vested in the

condemning authority. Under the pertinent statute, that occurred upon the tender of payment. 348 A.2d at 255–56.

■ In Luce's case, however, no elements of title or ownership passed on November 16. Instead, section 3023 clearly provides: "Title shall pass to the municipality upon service of the order of condemnation and check or upon recordation in accordance with section 3024, whichever occurs first." 23 M.R.S.A. § 3023 (1980). Luce argues that the taking did not occur until the day he received the City's check, despite the fact that recording occurred earlier. He contends that recording is irrelevant here because only "recordation in accordance with section 3024" is material and section 3024 applies only to property owners without actual notice of the taking, whereas he had actual notice. According to Luce, only service of the order and check under section 3023 can start the appeals period running for a property owner with actual notice of the taking. This construction, however, is too crabbed a reading of sections 3023 and 3024. Section 3024 covers two subjects: the manner of recording a taking, and the effect of a taking on a property owner who does not have either actual or record notice.[1] When section 3023 speaks of "recordation in accordance with section 3024," we conclude that it is referring to section 3024's description of the manner of recording. Recording affords a practical alternative mechanism for municipalities who are having trouble serving a property owner and provides the certainty of easily determinable recording dates. We see no basis for concluding that section 3023 makes these salutary effects depend upon whether a particular property owner receives actual notice, a matter that will often be uncertain. Instead, the sensible reading is that title passes upon proper recordation (if that is earlier than service

---

1. Section 3024 provides:

No taking of property or interests therein by a municipality, or the discontinuance of a town way except by abandonment, after September 12, 1959, shall be valid against owners of record or abutting landowners who have not

received actual notice, unless there is recorded in the registry of deeds for the county where the land lies either a deed, or a certificate attested by the municipal clerk, describing the property and stating the final action of the municipality with respect to it.

23 M.R.S.A. § 3024 (1980).

of the order and check)[2] whether or not the property owner has actual notice of the taking.[3]

Here, appropriate recording occurred on November 30 prior to the tender of payment, and thus title passed on that date. Accordingly, that was the day of taking and the February 12 notice of appeal was untimely.

The entry is:

Judgment affirmed.

All concurring.

---

**2.** Property owners are protected against delays in payment by another paragraph of 23 M.R.S. A. § 3029, providing for a Rule 80B appeal in such instances ("action or nonaction ... other than a determination of damages....").

**3.** Section 3024 resembles the notice-type recording statute familiar to conveyancers. *See* A.J. Casner & W.B. Leach, *Cases and Text on Property* 806–7 (2d ed. 1969). Such statutes are designed to dispense with the need for concern about whether there has been actual notice.